420 A.2d 672

**Mary S. RUZIAN, Appellant,**

v.

**Matthew A. CAVANAUGH.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed June 20, 1980.

Edward McCandless, Philadelphia, for appellant.

John Jay Connors, Jr., Southampton, for appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

CIRILLO, Judge:

The appellant was injured in an accident on August 31, 1973. She instituted suit on July 14, 1976. The appellee raised the defense of the Statute of Limitations by New Matter, to which the appellant replied that the Statute of Limitations had been waived by estoppel. The appellee moved for summary judgment, which was granted by the Court below, and the appellant has appealed that judgment to this Court.

In June 1975, the State of New York Insurance Department sent to the appellant a notice of liquidation of the appellee's insurance company, and that all claims against the company must be filed by May 28, 1976. The appellant did not act until April of 1976, when she filed a claim with the State of New York Insurance Department. The appellant's claim was denied by the Pennsylvania Insurance Guaranty Association in June 1976. The appellant contends that

---

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

540

the notice from the State of New York acted as an estoppel or waiver of the Statute of Limitations. We disagree and will affirm.

It is well settled that conduct by the appellee or his insurance company may act as a waiver of the Statute of Limitations, creating an estoppel under certain conditions. The conditions are that the conduct must amount to fraud or deception: *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967). It is apparent that there is neither fraud or deception in this case. In any event, even if the notice from the State of New York were to be taken as deceptive, it does no constitute conduct by the appellee or his insurance company and, therefore, cannot act as a waiver by the appellee. In the case relied on by the appellant: *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 204 A.2d 743 (1964), there was outright deception by the defendant's insurance company and, therefore, that case is no help to the appellant.

The order of the court below is affirmed.