Alma DEVINE and Thomas Devine, Appellants,

v.

Gordon H. HUTT, M.D., and St. Joseph's Hospital, Appellees.

Superior Court of Pennsylvania.

Submitted July 6, 2004.

Filed Dec. 3, 2004.

James E. Sacks–Wilner, Trenton, NJ, for appellants.

Steven D. Costello, Lancaster, for Hutt.

Cathy A. Wilson, Paoli, for St. Joseph Hospital.

BEFORE: KLEIN, GANTMAN, and TAMILIA, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellants, Alma Devine and Thomas Devine, ask us to determine whether the trial court erred in granting summary judgment in favor of Appellee, Gordon H. Hutt, M.D. in this medical malpractice action.[1] We hold Appellants waived their challenge to Appellee's affirmative defense of the statute of limitations, for failure to file a reply to Appellee's new matter. Further, Appellants' argument on appeal is unreviewable for the additional reason that it was not presented to the trial court in their opposition to Appellee's motion for summary judgment. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. On August 19, 1999, Appellants filed a complaint alleging Alma Devine suffered permanent heart damage on September 4, 1997, as a result of Appellee's medical malpractice, which occurred during a cardiac catheterization, balloon angioplasty, and installation of a cardiac stent. According to Appellants, the stent was released improperly causing Mrs. Devine to suffer a heart attack. Appellants filed their complaint approximately two weeks before the expiration of the applicable two-year statute of limitations for negligence claims. Counsel did not, however, complete the Sheriff's "service" form or pay the "service fee" to effect service on Appellee. As a result, the complaint was not served on Appellee within thirty days of filing. Instead, counsel forwarded the papers to Appellee's medical malpractice insurance carrier.

¶ 3 On August 23, 1999, William Boltz, a claims adjuster for the insurer, acknowledged receipt of the legal papers and was given a 90–day extension of time to file an answer to the complaint. Mr. Boltz is not an attorney. At no time did he accept service on Appellee's behalf. Mr. Boltz, however, did request a medical authorization and release as well as expert medical reports so he could submit the file to the insurer's claims committee.

¶ 4 Approximately six months later, on January 31, 2000, Appellants' counsel and Mr. Boltz discussed, **for the first time,** service of Appellants' complaint. (See [Appellants'] Affidavit in Opposition to [Appellee's] Motion for Summary Judgment, filed 2/22/02.) According to the record, Appellants' counsel asked Mr. Boltz to provide the name of an attorney who would accept service on Appellee's behalf or whether Appellants should personally serve Appellee. Mr. Boltz identified an attorney authorized to accept service of the complaint.

---

1. St. Joseph's Hospital is not a party to this appeal.

¶ 5 By letter dated February 21, 2000, Appellants' counsel contacted the named defense attorney and asked him to execute an acceptance of service form. Without reinstating the complaint, Appellants' counsel forwarded the complaint directly to Appellee's counsel, who executed and filed an acceptance of service on March 10, 2000. Counsel's acceptance of service expressly reserved Appellee's right to assert the affirmative defense of expiration of the applicable statute of limitations.

¶ 6 Also on March 10, 2000, Appellee's counsel filed preliminary objections, claiming Appellants failed to allege facts with sufficient specificity to support their claims and failed to state a cause of action for punitive damages.[2] The parties reached a stipulation concerning the withdrawal of several allegations in the complaint, and Appellee withdrew his preliminary objections on June 19, 2000.

¶ 7 On August 16, 2000, Appellee filed an answer to Appellants' complaint, with new matter endorsed with a notice to plead. In his new matter, Appellee in relevant part asserted:

¶ 52. The [Appellant]s' claim may be barred by the applicable statute of limitations.

¶ 53. On August 19, 1999, [Appellants] Alma and Thomas Devine filed a Complaint with the Court of Common Pleas of Lancaster County.

¶ 54. [Appellants] did not fill out the Sheriff's Form to effectuate service and [Appellants] did not pay the $100 Sheriff's service fee.

¶ 55. Hence the [Complaint] was not served by the Sheriff's Office on [Appellee] Hutt.

¶ 56. The Complaint has not been reinstated to date.

¶ 57. [Appellants] did not make any effort to serve [Appellee] Hutt with the Complaint until he spoke with the insurance representative on January 31, 2000 and it was then agreed that an Acceptance of Service form would be filed with the Court on behalf of [Appellee] Hutt.

¶ 58. [Appellants]s' counsel requested that counsel for [Appellee] Hutt sign and file the Acceptance of Service Form in a letter dated February 21, 2000.

¶ 59. The request was received by counsel for [Appellee] Hutt on February 25, 2000.

¶ 60. On March 10, 2000 counsel for [Appellee] Hutt filed an Acceptance of Service Form with the Court of Common Pleas of Lancaster County.

¶ 61. [Appellee] Hutt performed the stent deployment at issue in this case on September 4, 1997.

¶ 62. After the stent deployment was unsuccessful, [Appellant Alma Devine] was referred to cardiothoracic surgery for surgical intervention.

¶ 63. [Appellant Alma Devine] was then seen by Dr. Mark Burlingame in consultation and then taken to the operating room on September 5, 1997 for a coronary bypass graft to the LAD.

¶ 64. [Appellant Alma Devine] discussed the fact that the stent had not been deployed with her treating physicians on or about September 4, 1997.

¶ 65. The statute of limitations began to run on the date of surgery on September 4, 1997 and, therefore, expired on September 4, 1999.

(Answer and New Matter of [Appellee], Gordon M. Hutt, M.D., to [Appellant]s' Complaint, ¶¶ 52–65; Supplemental R.R. at 53b–54b). Appellee's new matter set forth factual averments in support of his affirmative defense. *Id.* Appellants did not file a reply to Appellee's new matter.

2. *See* Pa.R.C.P. 1028(a)(3) and (a)(4).

¶ 8 Appellants filed a *praecipe* to reinstate their complaint for the first time on March 27, 2001, and solely for the stated purpose of serving St. Joseph's Hospital. Nonetheless, the record reflects that on April 26, 2001, the Sheriff's office filed a process receipt and affidavit of return of service of Appellants' complaint **upon counsel for Appellee**, which was of course ineffective for purposes of effecting service upon St. Joseph's Hospital. On June 11, 2001, Appellants again filed a *praecipe* to reinstate their complaint for the stated purpose of serving St. Joseph's Hospital.

¶ 9 On July 23, 2001, Appellee filed a motion for summary judgment on the ground that the applicable statute of limitations had expired before Appellants' complaint was served on Appellee's counsel. Seven months later, on February 22, 2002, Appellants' counsel filed an affidavit in opposition to Appellee's motion, and a separate certification of service of an opposing brief.[3]

¶ 10 On March 18, 2002, Appellee, with leave of court, filed a reply to Appellants' opposition papers. In his reply, Appellee objected to Appellants' opposition papers as untimely filed and asked the court to disregard them. By order dated May 1, 2002, the trial court granted Appellee's motion for summary judgment. Appel-

lants immediately appealed that decision, but the appeal was quashed as interlocutory. Subsequently, this timely appeal followed the final order that ultimately disposed of all the parties and all the claims in this case.[4]

¶ 11 Appellants raise the following issues for review:

WHETHER THE COURT PROPERLY APPLIED *CINQUE V. ASARE*, 401 Pa.Super. 339, 585 A.2d 490 [ (Pa.Super.1990) ] IN THE GRANTING OF THE SUMMARY JUDGMENT MOTION BY DEFENDANT/APPELLEE.

WHETHER THE COURT ABUSED ITS DISCRETION BY DISREGARDING DEFENSE'S ACCEPTANCE OF SERVICE AND REJECTING DEFENSE'S REQUESTED [SIC] FOR NINETY DAY EXTENSION IN WHICH TO FILE AN ANSWER AS PROPER NOTICE OF THE ACTION.

WHETHER BY FAILING TO RAISE THE ISSUE OF SUBJECT MATTER JURISDICTION BY WAY OF PRELIMINARY OBJECTIONS CONCERNING SERVICE OF PROCESS DEFENDANT/APPELLEE WAIVED THE STATUTE OF LIMITATIONS DEFENSE.

WHETHER BY EXERTING APPARENT AUTHORITY AND REQUEST-

---

**3.** On December 23, 2003, Appellants' counsel discovered that Appellants' brief in opposition to Appellee's motion for summary judgment was not in the certified record. On February 9, 2004, Appellants filed an application to amend docket to reflect the filing of their brief in opposition to Appellee's motion for summary judgment. Appellants' brief in opposition was attached to their application for relief. Thus, Appellants' brief in opposition appears later both in the docket entries and in the record.

In their brief in opposition to Appellee's motion for summary judgment, Appellants argued Appellee had waived any defects in the form of service for failure to include the claim

in his preliminary objections. Appellants also contended they had satisfied the requirements of *Lamp, supra,* because Appellee was notified by mail of the suit, which notice was followed by "attempts to have an attorney accept service." Appellants maintained both Appellee and his carrier had notice of the suit. Appellants concluded Appellee waived any objection to the manner of service and also failed to show any prejudice by virtue of when service was made.

**4.** The final order that ultimately disposed of all the claims and all the parties was the order sustaining the preliminary objections of St. Joseph's Hospital and dismissing it from the case.

ING A NINETY DAY EXTENSION OF TIME IN WHICH TO FILE AN ANSWER, DEFENSE WAIVED ITS OBJECTIONS TO SERVICE OF PROCESS.

WHETHER [DEFENDANT/APPELLEE'S] AGREEMENT UNDER Pa. R.C.P. 248 FOR A 90 DAY EXTENSION OF TIME TO FILE AN ANSWER CONSTITUTES A WAIVER OF ANY OBJECTIONS TO THE COURT'S JURISDICTION.

WHETHER OR NOT DEFENDANT/APPELLEE WAIVED ITS OBJECTIONS TO THE COURT'S JURISDICTION BY ACCEPTING AND USING THE COURT'S JURISDICTION TO COMPEL SERVICE OF PROCESS OF SUBPOENAS, DISCOVERY AND DEPOSITIONS.

(Appellants' Brief at 6).

¶ 12 Notwithstanding the phrasing of these issues, Appellants' argument on appeal is essentially that their own counsel's course of dealings, including conversations, "agreements" and cooperation with Mr. Boltz is attributable to Appellee, because Mr. Boltz acted as Appellee's agent. By virtue of Mr. Boltz's "agency relationship" with Appellee, all of Mr. Boltz's actions were done with apparent authority on behalf of Appellee. Appellants aver that this matter would not even be before this Court, but for the 90–day extension of time to answer the complaint that Appellants' counsel gave to Mr. Boltz at his request.

¶ 13 Appellants further maintain they did not serve Appellee directly at his office, because Mr. Boltz asked them to spare Appellee the potential for embarrassment and upset that service in his place of business might have on Appellee's practice. Appellants complain their good faith acts of deference and reliance should not now be used against them for purposes of summary dismissal of their case. Instead, Appellants insist the fairly routine

extension of time they extended under Pa. R.C.P. 248, was given in exchange for Mr. Boltz's promise to forward the name of an attorney who would accept service of process. Appellants submit this agreement between their counsel and Mr. Boltz is binding on Appellee, because Appellee, as principal, requested the involvement of his insurer and thereby "assigned" to Mr. Boltz the rights and duties to act as Appellee's agent.

¶ 14 Appellants also contend Appellee, through his "agency relationship" with Mr. Boltz, actively submitted to the court's jurisdiction. Additionally, Appellants assert Appellee submitted to the court's jurisdiction through the filing of preliminary objections, motions to compel discovery, and answers to interrogatories, all without properly preserving any objections to defects in the service of process. Appellants claim Appellee's overall active participation in the preparation of the case for trial means Appellee submitted to the court's jurisdiction and constitutes a waiver of any defects in service of process. Appellants conclude the trial court erred as a matter of law when it granted summary judgment in Appellee's favor, and the court's order should be vacated and the case remanded for trial.

■ ¶ 15 With regard to appellate review of a summary judgment, Pennsylvania law makes clear:

> [W]e are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court.

*McCarthy v. Dan Lepore & Sons Co., Inc.,* 724 A.2d 938, 941 (Pa.Super.1998), *appeal*

*denied,* 560 Pa. 707, 743 A.2d 921 (1999). *See also Moses v. T.N.T. Red Star Exp.,* 725 A.2d 792 (Pa.Super.1999), *appeal denied,* 559 Pa. 692, 739 A.2d 1058 (1999).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Miller v. Sacred Heart Hosp.,* 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted). Summary judgment is proper if an action is barred by the applicable statute of limitations. *Tohan v. Owens–Corning Fiberglas Corp.,* 696 A.2d 1195 (Pa.Super.1997), *appeal denied,* 553 Pa. 700, 718 A.2d 786 (1998); *Brooks v. Sagovia,* 431 Pa.Super. 508, 636 A.2d 1201 (1994).

■ ¶ 16 An action or proceeding to recover damages for injury that is founded on negligent tortious conduct is subject to a two-year statute of limitations. 42 Pa. C.S.A. § 5524. The party asserting the cause of action has the affirmative duty to use all reasonable diligence to determine the facts and circumstances of the claim and to institute suit within the prescribed period. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992).

> Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply [the place of evidence lost or impaired by lapse of time, by raising a] presumption which renders proof unnecessary. Mere delay, extend-

ed to the limit prescribed, is itself a conclusive bar. The bane and antidote go together.

*Gravinese v. Johns–Manville Corp.,* 324 Pa.Super. 432, 471 A.2d 1233, 1237 (1984) (some internal citations omitted).

■ ¶ 17 The existence of a statute of limitation which cuts off a remedy **does not constitute a defect in the "form of service."** *Farinacci v. Beaver County Indus. Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986) (emphasis added). Thus, an affirmative defense of a statute of limitations is not properly raised in preliminary objections; it is properly raised in new matter. *Id.;* Pa.R.C.P. 1028; 1030. Additionally, a statute of limitations affirmative defense cannot be raised in preliminary objections in the nature of a demurrer, unless the particular statute of limitations is nonwaivable. *Reuben v. O'Brien,* 299 Pa.Super. 372, 445 A.2d 801 (1982). When a defendant raises a waivable statute of limitations *via* preliminary objections, the proper challenge is to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court. *Farinacci, supra;* Pa.R.C.P. 1028(a)(2).

■ ¶ 18 Whether the statute of limitations has run on a claim is generally a question of law for the trial judge. *Id.* The filing of a *praecipe* for a writ of summons [or a complaint] to commence an action is sufficient to toll the running of the statute of limitations, if the plaintiff makes a good faith effort to serve the writ or complaint in compliance with the other applicable rules of court. *Lamp, supra.* When a plaintiff successfully tolls the applicable statute of limitations on an action by timely issuance **and delivery of a [complaint] for service,** the action is kept alive for a period equal to the original statute of limitations. *Shackelford v.*

*Chester County Hosp.,* 456 Pa.Super. 356, 690 A.2d 732 (1997) (citing *Beck v. Minestrella,* 264 Pa.Super. 609, 401 A.2d 762 (1979) (stating issuance **and delivery** of writ for service keeps action alive for period equal to original period as measured from the filing date of writ)). Nevertheless,

> Pennsylvania has adopted a rule requiring [plaintiffs] to make a good-faith attempt to effect service of process in a timely manner where an action is commenced prior to the running of the statute of limitations but service does not occur until after the expiration of the statutory period. *See...Siler v. Khan,* 456 Pa.Super. 177, 689 A.2d 972 ( [Pa.Super.] 1997) (filing complaint tolls statute of limitations, provided that plaintiff attempts to effect [timely] service). What constitutes a good faith effort is assessed on a case-by-case basis.

*Ramsay v. Pierre,* 822 A.2d 85, 90 (Pa.Super.2003) (some internal citations omitted). *See also Farinacci, supra; Shackelford, supra.*

> [I]t is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.

*Rosenberg v. Nicholson,* 408 Pa.Super. 502, 597 A.2d 145, 148 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992) (citations omitted). The mere filing of a writ or complaint without additional affirmative action to effectuate timely service of process in compliance with the applicable rules of court and local practice does not constitute good faith efforts under *Lamp, supra,* and is insufficient to preserve the claims for the "equivalent period." *Feher by Feher v. Altman,* 357 Pa.Super. 50, 515 A.2d 317 (1986), *appeal denied,* 515 Pa. 622, 531 A.2d 430 (1987). Neglecting to pay the Sheriff's fee is another example of lack of good faith efforts under *Lamp, supra. Weiss v. Equibank,* 313 Pa.Super. 446, 460 A.2d 271 (1983). "[I]t is the plaintiff's burden to demonstrate that his efforts were reasonable." *Bigansky v. Thomas Jefferson University Hosp.,* 442 Pa.Super. 69, 658 A.2d 423, 433 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995).

¶ 19 As a preliminary matter, we observe Pennsylvania Rule of Civil Procedure 1029(b), which states in relevant part: "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically, or by necessary implication." Pa.R.C.P. 1029(b). In other words, a plaintiff is required to respond to averments which set forth the factual basis in support of an affirmative defense, but is not compelled to answer conclusions of law; therefore, under the fact pleading system in Pennsylvania, the general rule is that averments of fact require denial and the failure to plead to factual averments contained in new matter constitutes an admission to those averments. *Bowman v. Mattei,* 309 Pa.Super. 486, 455 A.2d 714, 716 (1983). *See also Gotwalt v. Dellinger,* 395 Pa.Super. 439, 577 A.2d 623 (1990); *Vintage Homes, Inc. v. Levin,* 382 Pa.Super. 146, 554 A.2d 989 (1989), *appeal denied,* 524 Pa. 622, 571 A.2d 384 (1989); Goodrich–Amram 2d § 1029(b):1–2, 5. "A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable

party, the objection of failure to state a legal defense to a claim and any other nonwaiveable defense or objection." Pa. R.C.P. 1032(a) (emphasis added). Defenses to the statute of limitations, such as estoppel, agreement, agency, apparent authority, fraud, or concealment are waiveable defenses and must be raised in a reply to new matter asserting the statute of limitations as an affirmative defense. *Id. See, for example, Molineux v. Reed,* 516 Pa. 398, 532 A.2d 792 (1987); *Mangino v. Lieber,* 442 Pa. 595, 277 A.2d 823 (1971); *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964); *Bonfitto v. Bonfitto,* 391 Pa. 187, 137 A.2d 277 (1958); *Ruzian v. Cavanaugh,* 278 Pa.Super. 538, 420 A.2d 672 (1980).

¶ 20 Additionally, Rules 1035.2 and 1035.3 of the Pennsylvania Rules of Civil Procedure place a duty upon the non-moving party to respond to a motion for summary judgment. *Id.* Rule 1035.3(d) allows the court to enter judgment against a party who fails to respond to a motion for summary judgment, although the rule is not mandatory. *Thomas v. Elash,* 781 A.2d 170, 177 (Pa.Super.2001). Nevertheless, arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal. *See Grandelli v. Methodist Hosp.,* 777 A.2d 1138 (Pa.Super.2001) (citing *Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership,* 764 A.2d 1100, 1104 (Pa.Super.2000), *appeal denied,* 566 Pa. 664, 782 A.2d 546 (2001)). With respect to arguments not raised initially before the trial court in opposition to summary judgment, this Court has explained:

> Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A

party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. To the extent that our former case law allowed presentation of arguments in opposition to summary judgment for the first time on appeal it stands in derogation of Rules 1035.2 and 1035.3 and is not dispositive in this matter. The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider.

More recently, we have reaffirmed the proposition that a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal. *See Payton v. Pennsylvania Sling Co.,* 710 A.2d 1221, 1226 (Pa.Super.1998) (concluding that party's choice to argue that evidence was sufficient to establish element of cause of action in accordance with Rule 1035.3(a)(2) waived argument first raised on appeal that record should be supplemented under Rule 1035.3(b) to allow collection of additional evidence through discovery). Our application of the summary judgment rules in *Payton* establishes the critical importance to the non-moving party of the defense to summary judgment he or she chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

*Harber Philadelphia Center City Office Ltd., supra* at 1105 (some internal citations omitted).

¶ 21 Instantly, Appellants did not file a reply to Appellee's new matter, which asserted the affirmative defense of the statute of limitations. Hence, Appellants did not preserve their defenses of estoppel, agreement, agency, and/or apparent authority. *See* Pa.R.C.P. 1032(a). Thus, Appellants waived these defenses to Appellee's new matter affirmative defense of the statute of limitations. *See* Pa.R.C.P. 1032(a).

¶ 22 Additionally, when Appellants filed their untimely opposition to Appellee's motion for summary judgment, they did not mention, much less argue, any "agreement" with Mr. Boltz that would reasonably give rise to an "agency" or "apparent authority" or "estoppel." To the contrary, Appellants' brief in support of counsel's opposition affidavit argued only that Appellee had waived any defects in the form of service for failure to include the claim in his preliminary objections and that Appellants had satisfied the requirements of *Lamp, supra.* Appellants' claims of agency or "apparent authority" were not presented to the trial court. *See Harber Philadelphia Center City Office Ltd., supra.* For this reason as well, Appellants' "agency"/"apparent authority"/"estoppel"/"agreement" arguments set forth on appeal are not subject to review. *See id.* Accordingly, we affirm the trial court's decision to dismiss the case against Appellee, albeit on other grounds. *See Boyer v. Walker,* 714 A.2d 458 (Pa.Super.1998) (stating appellate court may affirm order of trial court on any basis if decision is correct); *Alco Parking Corp. v. Public Parking Authority of Pittsburgh,* 706 A.2d 343 (Pa.Super.1998), *appeal denied,* 555 Pa. 725, 725 A.2d 178 (1998) (stating where

trial court has reached correct result, its order will be sustained if it can be sustained for any reason). *See also Renee Beauty Salons, Inc. v. Blose–Venable,* 438 Pa.Super. 601, 652 A.2d 1345, 1350 (1995), *appeal denied,* 541 Pa. 627, 661 A.2d 874 (1995).[5]

¶ 23 Based upon the foregoing, we hold Appellants waived their challenge to Appellee's affirmative defense of the statute of limitations, for failure to file a reply to Appellee's new matter. Further, Appellants' argument on appeal is unreviewable for the additional reason that it was not presented to the trial court in their opposition to Appellee's motion for summary judgment. Accordingly, we affirm.

¶ 24 Order affirmed.

¶ 25 JUDGE TAMILIA FILES A DISSENTING OPINION.

**DISSENTING OPINION BY TAMILIA, J.:**

¶ 1 I respectfully dissent to the majority's decision in this matter for two reasons. First, I believe appellee was served within the statute of limitations but there was a defect in the *form* of service. I would find appellee waived any such challenge when he failed to raise the issue of defective service of process by preliminary objection and then took affirmative steps to defend the case. Appellee, moreover, improperly raised the statute of limitations defense in his answer and new matter and in his summary judgment motion, based upon appellants' alleged failure to serve. Second, absent any such technical waiver, any challenge to defective service was waived by the parties' course of conduct.

¶ 2 Defects in service of process must be raised in preliminary objections and cannot be attacked by asserting the stat-

---

5. Due to our disposition, we make no determination or express any opinion regarding Appellant's alleged "good faith" efforts to effectuate service, under *Lamp, supra.*

ute of limitations. Pa.R.C.P. 1028; *see also Cinque v. Asare,* 401 Pa.Super. 339, 585 A.2d 490, 492 (1990). A defendant who fails to object to service of the complaint in preliminary objections waives this objection. Pa.R.C.P. 1032. In contrast, as the majority points out, a statute of limitations affirmative defense *cannot* be raised in preliminary objections, unless the particular statute of limitations is non-waivable. *Reuben v. O'Brien,* 299 Pa.Super. 372, 445 A.2d 801 (1982). Rather, a statute of limitations affirmative defense must be raised in an answer as new matter. Pa.R.C.P. 1028, 1030.

¶ 3 Pennsylvania Rule of Civil Procedure 1007 provides that a lawsuit is commenced by the filing with the prothonotary of a writ of summons or a complaint. Rule 401, requires that original process of the writ of summons or complaint must be served "within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint," but allows for re-issuance of the writ or re-filing of the complaint until service is effectuated. *See* Rule 401(a) and (b). By re-issuance of the writ or re-filing the complaint, the statute of limitations is tolled for the same period of time within which the original action could have been brought, provided that plaintiffs "[refrain] from a course of conduct which serves to stall in its tracks the legal machinery [they have] just set in motion." *See Lamp v. Heyman,* 469 Pa. 465, 478, 366 A.2d 882, 889 (1976). *Lamp,* moreover, "requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." *See Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986). A plaintiff's failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of the statute of limitations. *Moses v. T.N.T. Red Star Express,* 725 A.2d 792, 797

(Pa.Super.1999) *appeal denied* 559 Pa. 692, 739 A.2d 1058 (1999) (citation omitted).

¶ 4 The alleged negligent conduct at issue occurred on September 4, 1997. A two-year statute of limitations applies to an action to recover damages for injury that is founded on negligent tortious conduct. 42 Pa.C.S.A. § 5524. The complaint in this case was filed on August 19, 1999, with approximately two weeks remaining before expiration of the two-year statute of limitations period. Pursuant to Rule 401(a), appellants were required to serve appellee with the complaint within 30 days, that is, by September 18, 1999. *See* Pa. R.C.P. 107. Appellants did not properly serve appellee in this period, nor did they reinstate the complaint pursuant to Rule 401(b). *As appellee himself has conceded, however, appellants mailed a copy of the complaint to appellee's insurance company **and to appellee** on August 23, 1999.* Record # 21, Defendant's motion for summary judgment, at 14, paragraph 58; *see also* Record # 23, Defendant's brief in support of summary judgment motion, Exhibit M. It is clear, therefore, that appellants attempted to effectuate service before the statute of limitations expired, but the *manner* of service was improper. I believe appellee waived any objection regarding improper service by failure to raise the objection via preliminary objections.

¶ 5 Appellee filed preliminary objections but did not raise an objection to service. *See* Record # 5. Further, appellee withdrew his preliminary objections, and filed an answer to the complaint, as well as other documents, including his objections to appellants' malpractice interrogatories, and ultimately, his summary judgment motion, without filing preliminary objections raising the issue of defective service of process. I am thereby constrained to conclude that appellee waived the matter of defective service. *See Cinque, supra*

(holding a defendant waived any challenge to defective service when he took affirmative steps to defend the case by filing an answer to the complaint and other documents without filing preliminary objections).

¶ 6 Appellee alleged in his answer and new matter that the action was barred by the statute of limitations due to appellants' failure to effectuate timely service on him. Although it is true that all affirmative defenses, including the statute of limitations, must be pled in a responsive pleading under new matter, *see* Pa.R.C.P. 1030, **New Matter**, I believe *the issue here was a defect in the manner of service, which service occurred within the required time, and not a failure to make a good faith effort to serve the defendant before the statute of limitations expired.* Again, defects in service of process cannot be attacked by asserting the statute of limitations. *Cinque*, at 492. Accordingly, I find the issue was raised improperly in appellee's answer and new matter and in his summary judgment motion, and the trial court's disposition of the matter was improper.

¶ 7 Although I find service was defective, appellee has not suffered prejudice as a result of this defect. The reality is that the parties engaged in a course of conduct manifesting their belief that the lawsuit was moving forward. Appellee and his insurer received a copy of the complaint in August 1999. Appellee and his insurer were actively defending the case since that time. The insurer requested a ninety-day extension of time in which to file an answer and made at least one document request. By February 2000, appellee's counsel was aware of the suit and acknowledged service shortly thereafter. Appellee filed an answer to the complaint, as well as other documents, including his objections to appellants' malpractice interrogatories. This case was proceeding routinely until the summary judgment motion was filed. *See Cinque*, at 492. Suddenly, a year after appellee and his insurer receive a copy of the complaint and begin to actively defend the case, in August of 2000 appellee raises the statute of limitations as a defense based upon appellants' alleged failure to effectuate timely service upon him. Justice is not effectuated in this case by allowing appellee to pull an eleventh hour "Gotcha!" based upon a legal technicality. I would reverse the Order of the trial court and remand this case for trial on the merits.