J-A25025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SYNCHRONY BANK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HEATHER PETERS, | |
| Appellant | No. 144 MDA 2016 |

Appeal from the Judgment Entered December 24, 2015
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 15-01712

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:               **FILED DECEMBER 16, 2016**

This is an appeal by Heather Peters ("Appellant") from the judgment entered in the Court of Common Pleas of Lycoming County on December 24, 2015, awarding summary judgment in favor of Synchrony Bank.[1]  We affirm.

Synchrony Bank ("the Bank") filed an action against Appellant before a magisterial district judge seeking to recover $1,569.41 in debt owed by Appellant on a credit card issued by the Bank.  After a hearing, the magisterial district judge awarded judgment in favor of the Bank.  Appellant,

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  While the order granting summary judgment against Appellant was dated December 22, 2015, the certified record indicates that the order was filed on December 24, 2015.  We have changed the caption to reflect that the appeal properly lies from the order filed on December 24, 2015.

proceeding *pro se*, filed a *de novo* appeal in the Court of Common Pleas of Lycoming County.

On September 24, 2015, the Bank filed an amended complaint. It also served requests for admissions and interrogatories upon Appellant and provided notice pursuant to Pa.R.C.P. 1305(b), informing Appellant that it may offer into evidence any documentation it sent to Appellant.[2] Appellant filed an answer to the complaint, generally denying the allegations. Appellant also filed answers to the requests for admissions and the interrogatories. Appellant's responses contained general denials and were not verified as required by Pa.R.C.P. 1024.[3]

On November 6, 2015, the Bank filed a motion for summary judgment. In its motion and supporting memorandum, the Bank urged that it was

---

[2] We question whether Pa.R.C.P. 1305(b) notice was appropriate. Rule 1305(b)(1) relaxes the rules of evidence regarding the introduction of certain types of written evidence, such as bills, in arbitration proceedings. As the procedural posture of this case is a trial *de novo* on appeal from a judgment entered by a magisterial district judge, Pa.R.E. 803(6), addressing admission of records of a regularly conducted activity, dictates the introduction and admissibility of documentary evidence. *See* Pa.R.C.P.D.J. 1007 (the procedure on appeal from a judgment rendered by a magisterial district judge "shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas").

[3] Rule 1024(a) provides, in part: "[E]very pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified." Pa.R.C.P. 1024(a). Pa.R.C.P. 76 instructs that "'verified,' when used in reference to a written statement of fact, means supported by oath or affirmation . . . ." **Id.**

entitled to judgment as a matter of law pursuant to Pa.R.C.P. 1029(b) because Appellant admitted the allegations of the complaint by providing only general denials or requests for proof.[4]  The Bank also averred that summary judgment was appropriate because Appellant failed to verify her answers to the Bank's request for admissions, which had the effect of admitting them pursuant to Pa.R.C.P. 4014(b).[5]  Finally, the Bank offered that summary judgment was warranted because it proved a default on the record of an account stated arising from Appellant's failure to object or protest any of the Bank's billing statements associated with the credit card.

On November 17, 2015, the trial court issued a scheduling order requiring Appellant to file a response to the Bank's summary judgment motion and a supporting brief.  Appellant did not file a response or a brief and did not appear at the scheduled argument.  On December 22, 2015, the trial court penned an order awarding summary judgment to the Bank. Appellant timely appealed.

---

[4]  Under Pa.R.C.P. 1029(b):  "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication.  A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission."

[5]  Rule 4014(b) instructs, *inter alia*, that a matter is deemed admitted unless, within thirty days after service of a request for admission, the answering party serves the requesting party an answer "verified by" the responding party.  Pa.R.C.P. 4014(b).

Appellant raises the following issues for appellate review:

1. Did the trial court err in effectively not affording appellant the right to cross-examine writings pursuant to Pennsylvania Rules of Evidence 612(a) and 612(b)(1)?

2. Did the trial court error in permitting witnesses to not be made available to the appellant for cross-examination pursuant to Pennsylvania Rule of Evidence 614(a)?

3. Did the trial court error in permitting inadmissible hearsay pursuant to Pennsylvania Rule of Evidence 801 (a)(b)(c)?

4. Did the trial court error in permitting inadmissible hearsay pursuant to Pennsylvania Rule of Evidence 802?

5. Did the trial court err in not following the requirement of authentication and identification of evidence pursuant to Pennsylvania Rule of Evidence 901(a)?

6. Did the trial court err in causing and permitting appellant's right to the Confrontation Clause under Article 1 Section 9 of the Pennsylvania Constitution to be denied?

7. Did the trial court err in causing in permitting appellant's right to the Confrontation Clause under Amendment Six of the United States Constitution to be denied?

8. Did the trial court err in entering summary judgment where there was insufficient material to do so pursuant to Pennsylvania Rule of Civil Procedure 1035.2?

Appellant's Brief at unnumbered 4 (*verbatim*).

Our standard of review of an order granting or denying a motion for summary judgment is well-settled:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is

- 4 -

clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Kozel v. Kozel***, 97 A.3d 767, 772 (Pa. Super. 2014) (quoting ***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012)).

Pennsylvania Rule of Civil Procedure 1035.3(d) provides that "[s]ummary judgment may be entered against a party who does not respond." While noting that application of Rule 1035.3(d) is not mandatory, the trial court explained why summary judgment was warranted in this matter:

> In the present case, summary judgment was appropriate because [Appellant] failed to respond to the motion. [Appellant] did not file a response to the motion for summary judgment, did not file a brief as required, and did not appear for the argument on the motion for summary judgment. Summary judgment was also appropriate because [Appellant] failed to sufficiently aver, much less produce evidence, that there was any dispute as to any issue of material fact. Instead, her responses had the lawful effect of admitting the allegations in the complaint and requests for admissions. *See*, Pa.R.C.P. 1029; Pa.R.C.P. 4014(b). . . .

Trial Court Opinion, 4/6/16, at unnumbered 3.

Seven of the eight issues raised in Appellant's Pa.R.A.P. 1925(b) statement concern the conduct of the hearing before the magisterial district judge and challenges to the documentary evidence produced by the Bank. Appellant also contends that there was insufficient evidence supporting the trial court's summary judgment award in the Bank's favor. Regarding these alleged points of error, the trial court decided:

> [T]he issues raised by [Appellant] in her Concise Statement were waived because they were not raised before the trial court. Nothing was raised before the trial court in response to the motion for summary judgment. The matters in the Concise Statement appear to relate to evidentiary issues that could possibly arise at trial. A trial would be afforded after a motion for summary judgment only if evidence had been adduced as to a dispute of material fact as to any defense. As there was no response to the motion, there was no evidence that a dispute of material fact existed.

Trial Court Opinion, 4/6/16, at unnumbered 3–4 (citation and footnote omitted).

Appellant does not offer any argument why her failure to respond to the motion for summary judgment or appear at the hearing did not validate the summary judgment award against her. Nor does Appellant propound a counter to the trial court's determination that the issues presented in her Pa.R.A.P. 1925(b) statement were waived because she did not raise them before the trial court.[6]

We have considered Appellant's arguments, the relevant law, and the certified record before us. We conclude that the cogent opinion of the Honorable Richard A. Gray, filed on April 6, 2016, correctly determined that Appellant's non-response to the motion for summary judgment, Appellant's failure to demonstrate that there were any issues of disputed fact, and Appellant's admissions to the allegations of the complaint and request for

_____

[6] We also note with disapproval that although Appellant requested her appeal be scheduled for oral argument before this Court, she failed to appear at the time and place for the scheduled argument.

admissions, reasoned the award of summary judgment in favor of the Bank. Accordingly, we rely upon Judge Gray's opinion to affirm the award of summary judgment. In the event of further proceedings in this matter, Appellant is directed to attach a copy of that opinion.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/16/2016

15-01712

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| SYNCHRONY BANK, | : | DOCKET NO.15-01,712 |
| Plaintiff / Appellee, | : | CIVIL ACTION – LAW |
| vs. | : | |
| | : | **144 MDA 2016** |
| HEATHER PETERS, | : | |
| Defendant / Appellant | : | APPEAL / 1925(a) |

## OPINION AND ORDER
### Issued Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)

This Court issues the following Opinion and Order pursuant to P.R.A.P. 1925(a). This matter arises from an appeal of an order granting summary judgment to Appellee, Synchrony Bank, on December 22, 2015.[1] Summary judgment was entered after Appellee failed to appear for argument and failed to file any response to the motion for summary judgment. On February 8, 2016, Peters filed a Concise Statement of Matters Complained of on Appeal ("Concise Statement") pro se. In her Concise Statement, Ms. Peters, asserted the following errors.

1. Right to cross examine writings not afforded to appellant pursuant to Pa. R.E. 612(a).
2. Witnesses not made available to appellant for cross-examination pursuant to Pa. R.E. 614(a).
3. Inadmissible hearsay allowed at the lower court level pursuant to Pa. R.E.. 801(a)(b)(c).
4. Inadmissible hearsay allowed at the lower court level pursuant to Pa. R.E. 802.
5. Requirement of authentication and identification of evidence pursuant to Pa. R.E. 901(a) not followed at the lower court level.
6. Appellant's right to the confrontation clause under article 1 section 9 of the Pennsylvania Constitution has not been afforded at the lower court.
7. Appellant's right to the confrontation clause under amendment six of the United States Constitution has not been afforded at the lower court.
8. There was insufficient material for the lower court to enter summary judgment pursuant to Pennsylvania Rules of Civil Procedure 1035.2.

FACTUAL BACKGROUND

The background of this case follows. On July 15, 2015, Ms. Peters filed a notice of appeal to the Common Pleas Court from a district justice judgment in the amount of $1,672.91.

---

[1] The Order was docketed on December 24, 2015.

A rule was entered upon Sychrony Bank to file a complaint within twenty days. On July 31, 2015, Sychrony Bank filed a complaint to collect a debt for credit card charges for purchases of goods and services in the amount of $1,569.41 plus costs. On September 8, 2015, Ms. Peters filed an answer to the complaint. On September 24, 2015, Synchrony Bank filed an amended complaint. On October 21, 2015, Ms. Peters filed an answer to the amended complaint. In both her answer and her answer to the amended complaint, Ms. Peters generally denied all paragraphs in the complaint, except as to her name and address. Those general denials stated the following.

> DENIED. After reasonable investigation, defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph five of plaintiff's complaint. Answer, filed September 8, 2015, ¶¶ 1, 3-10; Answer to Amended Complaint in Civil Action, filed October 21, 2015, ¶¶ 1-2; 4-19.

On September 24, 2015, Sychrony Bank served interrogatories and requests for admissions upon Ms. Peters. On October 21, 2015, Ms. Peters filed answers to requests for admissions and interrogatories. Those answers were not verified and were all general denials, substantially similar to the answers to the complaints.

On November 6, 2015, Sychrony Bank filed a motion for summary judgment. In its motion for summary judgment and supporting memorandum, Synchrony Bank sought judgment as a matter of law because Ms. Peters admitted the allegations of the complaint by providing only general denials or requests for proof pursuant to Pa. R.C.P. 1029. Synchrony Bank also sought summary judgment because Ms. Peters failed to verify her answers to the Bank's request for admissions, which had the effect of admitting them pursuant to Pa. R.C.P. 4014(b). Lastly, Synchrony Bank sought summary judgment because it proved a default on the record of an account stated arising from Plaintiff's failure to object or protest billing statements she received.

On November 17, 2016, the Court issued an Order scheduling argument on the Bank's motion for summary judgment and requiring that Ms. Peters file a brief and response to the

motion within 30 days. Ms. Peters did not file a response to the motion for summary judgment. Ms. Peters did not file a brief. Ms. Peters did not appear for argument. On December 22, 2016, after the Ms. Peters failed to appear for argument or file a response to the motion, the Court granted summary judgment to the Appellee, Synchrony Bank, in the amount of $1,569.41.

DISCUSSION

Pa. R.C.P. No. 1035.3(d) provides that "[s]ummary judgment may be entered against a party who does not respond." Although it is not mandatory, Rule 1035.3(d) permits the Court to enter summary judgment for failure to respond. *See*, Devine v. Hutt, 2004 PA Super 460, 863 A.2d 1160 (Pa. Super. 2004), *citing*, Thomas v. Elash, 2001 PA Super 214, 781 A.2d 170, 177 (Pa. Super. 2001). "[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal. Devine, supra. (further citations omitted).

In the present case, summary judgment was appropriate because Ms. Peters failed to respond to the motion. Ms. Peters did not file a response to the motion for summary judgment, did not file a brief as required, and did not appear for the argument on the motion for summary judgment. Summary judgment was also appropriate because Ms. Peter failed to sufficiently aver, much less produce evidence, that there was any dispute as to any issue of material fact. Instead, her responses had the lawful effect of admitting the allegations in the complaint and requests for admissions. *See*, Pa. R.C.P. 1029; Pa. R.C.P. 4014(b). As a result, it was appropriate for the Court to grant summary judgment to the Bank.

Finally, the issues raised by Ms. Peters in her Concise Statement were waived because they were not raised before the trial court. *See, e.g.,* Devine, supra.[2] Nothing was raised before the trial court in response to the motion for summary judgment. The matters in the

---

[2] "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302.

Concise Statement appear to relate to evidentiary issues that could possibly arise at trial. A trial would be afforded after a motion for summary judgment only if evidence had been adduced as to a dispute of material fact as to any defense. As there was no response to the motion, there was no evidence that a dispute of material fact existed.

For these reasons, and those provided in its Order entered on December 22, 2015, this Court respectfully requests that the summary judgment against Appellant Heather Peters be affirmed.

BY THE COURT,

April 6, 2016
Date

Richard A. Gray, J.

cc: Gregg L. Morris, Esq. – Counsel for Plaintiff/Appellee
213 E. Main St., Carnegie, PA 15106
Heather Peters, Pro Se - Defendant/Appellant - 135 W. Water St., Apt. 21, Muncy, PA 17756
(Superior & 1)
Prothonotary (LG)