J-S02042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WALTER STANLEY REISS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN C. HANCHICK, III, JOHN C. | : | No. 2499 EDA 2025 |
| HANCHICK, JR., AND JCH | : | |
| PROPERTIES, LLC | : | |

Appeal from the Order Entered August 27, 2025
In the Court of Common Pleas of Lehigh County
Civil Division at 2024-C-3154

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 12, 2026**

Walter Stanley Reiss (Appellant) appeals *pro se* from the order granting the motion to dismiss filed by John C. Hanchick, III, John C. Hanchick, Jr., and JCH Properties, LLC (collectively, the Hanchicks).  We affirm.

In 2018, the Hanchicks were the landlords of the apartment Appellant rented at 414 West Market Street, Bethlehem, Pennsylvania.  Appellant vacated the apartment on or before October 19, 2018, when he was sentenced to serve 33 to 72 months in prison.[1]  Six years later, Appellant filed a complaint "for damages exceeding $600,000, arising from [the Hanchicks'] illegal eviction of [Appellant] and the wrongful conversion, disposal, or theft

---

[1] The sentence was imposed after a jury convicted Appellant of two counts of arson.  **See Commonwealth v. Reiss**, 292 A.3d 1115, 446 EDA 2022, 2023 WL 367027 (Pa. Super. filed Jan. 24, 2023) (unpublished memorandum) (affirming the denial of post-conviction relief).

of [Appellant's] personal property." Complaint, 10/1/24 at 1. Appellant averred he had been "falsely imprisoned for a fictitious crime he did not commit, preventing him from accessing his residence and property at 414 West Market Street, Bethlehem, PA." *Id.* at 2. According to Appellant, he learned from "a third party" that the Hanchicks "wrongfully entered" his residence on October 20, 2018, and "proceeded to dispose of, give away, allow the theft of, or otherwise convert to their own use [Appellant's] personal and business property located in the apartment … with an estimated value exceeding $600,000." *Id.* at 3. Appellant claimed that four years later, "[o]n or about October 22, 2022, upon [his] release from false imprisonment, [he] discovered that nearly all of his property was permanently lost or stolen." *Id.* at 4. However, Appellant also averred that while incarcerated, he had "attempted to resolve the issue with [John Hanchick, III], including sending a letter on July 25, 2020, outlining the damages and circumstances known at the time." *Id.* (attaching the letter as "Exhibit 1"). In his complaint, Appellant sought damages in excess of $600,000. *Id.* at 6.

The Hanchicks filed an answer and new matter. They admitted that John C. Hanchick, III and John C. Hanchick, Jr. were Appellant's landlords when Appellant rented the apartment on West Market Street in Bethlehem.[2] The Hanchicks stated that they "fully complied with their obligations under

_____

[2] The Hanchicks averred that JCH Properties, LLC "had no connection or involvement in any lease agreement" with Appellant." Answer and New Matter, 11/18/24, at 2.

- 2 -

Pennsylvania law to validly terminate [Appellant's] residential lease and in the removal of [his] belongings from the apartment space." *Id.* at 3. Specifically, they averred that on September 13, 2018, they "provided and posted a notice to quit," and Appellant "in fact returned his keys to [the Hanchicks,] and communicated his intention to have his items removed from the apartment rental unit." *Id.* The Hanchicks further averred that Appellant's family members "assisted in moving his belongings on his behalf." *Id.* The Hanchicks asserted that Appellant was not entitled to relief because he "was well aware of the status of his belongings far before his release in 2022," and "Pennsylvania law time bars actions for such after two years." *Id.* at 4 (citing 42 Pa.C.S. § 5524).

On February 12, 2025, the Hanchicks filed a motion to dismiss Appellant's complaint in which they averred that Appellant had failed to file a response to their new matter, "thereby admitting the averments contained therein under Pa.R.Civ.P. 1029(b)." Motion to Dismiss, 2/12/25, at 2 (attaching copies of the 10-day notice served on Appellant pursuant to Pa.R.Civ.P. 1034 (Motion for Judgment on the Pleadings) and Pa.R.Civ.P. 1037 (Judgment Upon Default or Admission)). The Hanchicks further averred that Appellant's claims were "time-barred as a matter of law." *Id.* (stating that "the statute of limitations expired no later than October 31, 2020, over four (4) years prior to the filing" of Appellant's complaint).

Appellant filed a response disputing the effective date of the statute of limitations because he "did not discover the loss of his property until after his

release from incarceration in October 2022." Response in Opposition, 4/22/25, at 1.[3] Appellant also denied receiving the 10-day notice, but did not explain his failure to respond to the Hanchicks' new matter. *Id.* at 2.

The trial court scheduled oral argument for August 27, 2025. Appellant did not appear for argument.[4] After confirming that Appellant was not present, the trial court heard from the Hanchicks' counsel. Counsel argued that "all of the arguments [Appellant] makes in the [c]omplaint are time-barred by admission in his own averments … and therefore I would ask that this case be dismissed." N.T., 8/27/25, at 4. That same day, the court issued an order granting the motion and dismissing Appellant's complaint.

On September 24, 2025, Appellant filed a notice of appeal. The trial court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). The trial court also declined to issue an opinion, but filed an order stating that the "reason for the [August 27, 2025 o]rder is that [Appellant]

_____

[3] At the end of his Response, Appellant lists his telephone number and e-mail with the notation, "No current address; e-mail only." *Id.* at 2.

[4] The scheduling order indicates that notice was provided pursuant to Pa.R.Civ.P. 236, and states that copies of the order "were e-mailed/mailed to all counsel of record and *pro se* litigants on May 29, 2025." Order, 5/29/25, at 2. The order lists the same e-mail address that Appellant has used in his trial court and appellate filings. *Id.*

- 4 -

failed to appear … as directed by Order on May 29, 2025." Pa.R.A.P. 1925(a)

Statement, 10/7/25, at 2.[5]

Appellant presents the following questions for review:

1. Whether the statute of limitations was tolled until October 6, 2022, under the discovery rule and the doctrine of fraudulent concealment where Appellant, incarcerated from October 2018 through October 2022, relied on [the Hanchicks'] repeated assurances that his property was in "safe storage" and did not discover the loss until his release?

2. Whether the trial court erred in concluding that Appellant abandoned his property where he was prevented from returning to the premises by false imprisonment, where [the Hanchicks] entered without legal process, and where Appellant consistently sought to recover his belongings?

3. Whether the trial court violated due process by conducting the August 27, 2025 hearing on [the Hanchicks'] Motion to Dismiss in Appellant's absence, despite Appellant's documented good-faith efforts to obtain copies of filings and participate, resulting in a four-minute proceeding that deprived him of a meaningful opportunity to be heard?

4. Whether the trial court abused its discretion by dismissing the complaint without permitting any discovery, including subpoena of jail-call records and production of documents solely within [the Hanchicks'] knowledge and control, where numerous material facts remained in dispute?

5. Whether the trial court's failure to issue a Pa.R.A.P. 1925(b) order constituted a breakdown in court operations such that no issues may be deemed waived and this Court must review all questions presented on the merits?

_____

[5] Although we disagree with the trial court's reasoning, "we may affirm a trial court's ruling on any basis supported by the record on appeal." *Lynn v. Nationwide Ins. Co.*, 70 A.3d 814, 823 (Pa. Super. 2013) (citation omitted).

Appellant's Brief at 9-10.[6]

Appellant argues that his complaint was timely because he "did not discover, and could not reasonably have discovered, the loss of his property until his release from incarceration on or about October 5, 2022." Appellant's Brief at 19. He then argues that he "never intended to abandon his belongings at 414 West Market Street or the associated storage areas." *Id.* at 27. Appellant also asserts his due process rights were violated when the trial court proceeded with oral argument in his absence. Although the record indicates otherwise, Appellant claims he lacked "meaningful" notice of the proceeding. *Id.* at 20. Appellant next claims, without citing any legal authority, that the trial court erred in failing to permit discovery. *Id.* at 32-34. Finally, Appellant asserts that the trial court erred by failing to order the filing of a Pa.R.A.P. 1925(b) concise statement. Our review reveals that these claims lack merit.

*Discussion*

We review the trial court's dismissal of Appellant's complaint for an abuse of discretion. ***Norman for Estate of Shearlds v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1119 (Pa. Super. 2019) (citation omitted). As discussed above, Appellant failed to respond to the Hanchicks' new matter, and their "averments which set forth the factual basis in support of an affirmative defense." ***Devine v. Hutt***, 863 A.2d 1160, 1168 (Pa. Super. 2004) (citations omitted). We have explained that "under the fact pleading

_____

[6] The Hanchicks have not filed an appellate brief.

system in Pennsylvania, the general rule is that averments of fact require denial and the failure to plead to factual averments contained in a new matter constitutes an admission to those averments." *Id.* In addition to the admissions, Appellant has waived his defenses to the new matter. Notably, "[d]efenses to the statute of limitations, such as estoppel, agreement, agency, apparent authority, fraud, or concealment are waivable defenses and must be raised in a reply to new matter asserting the statute of limitations as an affirmative defense." *Id.* at 1169 (citations omitted).

Furthermore, Appellant would not be entitled to relief in the absence of his admissions and waiver. Appellant's underlying claims are governed by the Landlord and Tenant Act. *See* 68 P.S. § 250.501-555 (Recovery of Possession). A two-year statute of limitations applies to a violation of the Landlord Tenant Act. *Zukos v. Zie*, 337 A.3d 967, 971 (Pa. Super. 2025) (citing 42 Pa.C.S. § 5524(a)(3) ("[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof" must be commenced within two years)).[7]

The application of the statute of limitations is a matter of law subject to this Court's *de novo* review. *Id.* at 971. The Judicial Code provides that limitations periods are computed from the time the cause of action accrued. 42 Pa.C.S. § 5502(a). A cause of action "accrues when a plaintiff could first

---

[7] "A conversion cause of action similarly carries a two-year statute of limitations." *Id.* at 973 (citing *Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. 1987) ("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations. 42 Pa.C.S. § 5524." (citation altered)).

maintain the action to successful conclusion." *Id.* (citation omitted); *Gidor v. Mangus*, 345 A.3d 629, 640 (Pa. 2025) (stating that a cause of action accrues "when an injury is inflicted and the corresponding right to institute a suit for damages arises."). Our Supreme Court has explained that once a cause of action "has accrued and the statutory period has run, an injured party is barred from bringing his cause of action." *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018). "The running of the statute of limitations is not tolled by mistake, misunderstanding, or lack of knowledge." *Id.* (citation omitted).

As indicated above, Appellant attached a letter to his complaint, dated July 25, 2020, which demonstrates his awareness of the Hanchicks' alleged misappropriation of his personal property. The 3-page letter states, in pertinent part:

> Dear John,
>
> In light of your recent and ongoing conduct, I feel it prudent to take the opportunity to attempt to put matters properly into perspective for you. That way, when the situation becomes much more serious for you, you cannot claim that I failed to provide ample warning or opportunity for you to course-correct.
>
> … Allow me to … enlighten you on the liability matters which should greatly concern you.
>
> … On October 20, 2018, before speaking with me, absent any Due Process of Law, without so much as a certified mail notification as required by law, or a hearing in a court of law, you nonetheless executed an illegal eviction on my personal residence.
>
> 1. You offered me no notification or opportunity to have anyone collect or preserve evidence, property or resources which had been prepared in advance before dumping things into storage.
>
> 2. You disposed of my personal property as you saw fit, as if I was dead and had no next of kin.

3. You provided access to looters and others who had no permission to be in my residence, or to steal, loot or otherwise claim ownership or possession of any of my personal or business property.

4. You emptied out my residence before I was able to contact you, despite my dire circumstances, which you were obviously well aware of.

5. In doing so, you caused severe emotional and financial distress which exceeded that caused by my dire circumstances.

6. You would not make any effort to halt the eviction process, or to locate any of the numerous items that I needed to be sent to me or those needing to be dealt with in some other manner.

7. You claimed, then hocked irreplaceable valuable antique copper USGS maps valued at more than $10,000.

8. You disposed of a $2,500 Herman Miller workstation.

9. You disposed of $3,000 in Herman Miller Aeron B office chairs.

10. You disposed of a $1,100 Posturepedic mattress and bed set.

11. You allowed my little boy's $2,000+ coin bank to be stolen, and made no effort to retrieve it.

12. You refused to sell the 16 oz. of rhodium valued at $30,000 as needed to pay legal fees.

13. You refused to call any attorney to request a consult, when it would have made the biggest difference.

14. You forced me to have you hand over my new iPhone 10[, which] caused not only the loss of the physical phone itself, but the loss of my now-stolen identity, the loss of thousands of contacts and contact information, and any help or assistance I could have had from any of those contacts.

15. You refused to drop the Walgreens envelope containing recent photos of Oliver in the mail.

16. Without my consent, approval or knowledge, you gave away $60,000 of rhodium ….

17. Without my consent, approval or knowledge, you gave away a $30,000 Oxford X-MET 7000 XRF device.

18. Without my consent, approval or knowledge, you gave away a $2,000 PCB piezoelectronics [*sic*] instrument.

19. None of my e-bay items could be liquidated, thanks to your burying all of the items contained in my residence, and your giving my iPhone [away].

20. You gave away the title to my Dodge Avenger.

21. You facilitated and assisted in the interstate theft of my DEMO III autonomous military robotic vehicle, valued at $20,000, with a replacement cost of more than $2,000,000.

…

Answer your phone. … The alternative, as you might imagine, involves a lengthy and costly legal process that ends with my being made whole for all of the direct and consequential losses I have suffered at your hand.

Thank you in advance for doing the right thing.


Walt Reiss│NQ4238

SmartComm│PADOC
SCI DALLAS
PO Box 33028
SPB, FL 33733

Exhibit 1 at  1-3.

As indicated above, Appellant's cause of action would have accrued no later than July 25, 2020.  As Appellant initiated the underlying action more than four years later, it is time-barred.  For all the above reasons, Appellant's claims do not merit relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/12/2026