J-S54026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANNE P. DEVLIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WALTON T. KURZ AND ARLENE KURZ | |
| Appellees | No. 90 EDA 2015 |

Appeal from the Order Entered December 4, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 99-3520

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.              **FILED OCTOBER 27, 2015**

Appellant, Ann P. Devlin, appeals from the December 1, 2014 order granting summary judgment in favor of Appellees, Walton Kurz and Arlene Kurz, defendants below.  We affirm.

We briefly set forth the uncontested facts of this case as follows.  On October 27, 1998, Devlin entered into an agreement of sale with Mr. Kurz for the property located at 1579 Applewood Circle, Yardley, Pennsylvania (the "Property").  Under the agreement of sale, Mr. Kurz agreed to sell and convey the Property to Devlin for $162,000.  Devlin paid a deposit of $11,000 in cash at the time of the signing of the agreement of sale.  She agreed to pay the remaining balance amount of $151,000 at the settlement.

_____

[*] Former Justice specially assigned to the Superior Court.

Devlin, however, was ultimately unable to purchase the Property because she was unable to acquire a mortgage. Devlin never received her deposit on the Property back.

On April 13, 2000, Devlin filed a complaint against Mr. and Mrs. Kurz in which she alleged that she was entitled to the return of her $11,000 deposit. Devlin later filed a second amended complaint. In her complaint, Devlin averred that Mr. and Mrs. Kurz assured her that a valid mortgage contingency clause would be included in the agreement of sale so that her $11,000 deposit would be returned if she was unable to acquire a mortgage. Devlin further claimed that Mr. and Mrs. Kurz deliberately drafted the mortgage contingency clause to be ineffective and unenforceable. Devlin asserted four counts against Mr. and Mrs. Kurz: Count I: Conspiracy to Commit Fraud in the Inducement; Count II: Unjust Enrichment; Count III: Fraud in the Execution; and Count IV: Conversion. Mr. and Mrs. Kurz subsequently filed preliminary objections to Devlin's second amended complaint. On March 12, 2002, the trial court dismissed Count II and Count IV as to Mrs. Kurz.

On July 23, 2007, Mr. and Mrs. Kurz filed a motion for summary judgment. Devlin filed a response.[1] The parties commenced oral argument before the Bucks County Court of Common Pleas on November 24, 2014.

---

[1] Devlin did not file an accompanying brief in support of her response.

Mrs. Kurz was dismissed from the case at oral argument. On December 4, 2014,[2] the trial court entered an order granting summary judgment on all counts. This timely appeal followed.

We review a challenge to the entry of summary judgment as follows.

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. **See** Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

On appeal, Devlin argues that the trial court erred in granting summary judgment on all counts because Mr. and Mrs. Kurz's motion for summary judgment only addressed Count I: Conspiracy to Commit Fraud in

---

[2] *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) ("[P]ursuant to the express terms of the rules, [i.e., Pa.R.C.P. 301(a), 108(b), and 236(b)] an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given.").

the Inducement. She asserts that the trial court improperly granted summary judgment on all counts *sua sponte*. We need not address the substance of Devlin's argument, however, because she failed to preserve this issue. Devlin did not argue that Mr. and Mrs. Kurz's motion for summary judgment should be limited to Count I during oral argument before the trial court. She lodged no objection whatsoever to the trial court's action. Instead, she raises this argument for the first time on appeal.

Arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal. **See**, **e.g.**, **Harber Phila. Center City Office Ltd. v. LPCI Ltd. Partnership**, 764 A.2d 1100, 1105 (Pa. Super. 2000). This Court has noted that "under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity." **Devine v. Hutt**, 863 A.2d 1160, 1169 (Pa. Super. 2004) (citations omitted). "A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them." **Id**. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

In the instant case, Devlin failed to argue before the trial court that Mr. and Mrs. Kurz's motion for summary judgment should be limited just to Count I. As noted, she voiced no objection at all. Instead, she raises this

argument for the first time on appeal. Thus, Devlin waived this issue on appeal.[3] Accordingly, we affirm the trial court's order granting summary judgment on all counts.

      Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/27/2015</u>

---

[3] Even if we were to address the merits of Devlin's claims, we would find that her claims do not have merit. After a careful review of the record, we agree with the trial court's conclusion that there are no genuine issues of material fact in dispute. Therefore, it was proper for the trial court to grant summary judgment as to all counts.