Clarence Thomas **PAYTON**, Appellant,

v.

**PENNSYLVANIA SLING COMPANY,**
Appellee,

v.

**ACCO CHAIN AND LIFTING PROD-
UCTS, INC., a Pennsylvania Cor-
poration, Appellees.**

Superior Court of Pennsylvania.

Argued March 4, 1998.
Filed April 28, 1998.

Timothy N. Logan, Prosperity, for appellant.

Sherry L. Halfhill, Pittsburgh, for Pennsylvania Sling, appellee.

Louis C. Long, Pittsburgh, for Acco Chain and Lifting, appellee.

Before JOHNSON and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

HUDOCK, Judge:

On December 14, 1993, Clarence Thomas Payton (Appellant) was severely and permanently injured in a workplace accident. At the time of the accident, Appellant was employed as a long wall maintenance foreman for Cyprus Cumberland Resources Group (Cyprus) at its Cumberland County mining site. With the aid of a chain sling, Appellant was attempting to help several other Cyprus employees dislodge a bent taildrive spocket guard from a mine shaft. While the chain sling was being tightened, the metal capacity rating tag affixed thereto broke loose and struck Appellant in his left eye. As a result, Appellant sustained permanent vision loss in his left eye as well as difficulty with night vision and depth perception.

Due to his injuries, Appellant did not return to work until September 19, 1994. At that time, Appellant met with Cyprus' mine manager, Mr. Zobrosky. Mr. Zobrosky told Appellant that he had retained the remaining portion of the metal capacity rating tag which had struck Appellant during the accident. Appellant then briefly inspected the tag, noted that it had some writing or stamping on it, and returned the tag to Mr. Zobrosky. By this time, the actual chain sling from which the rating tag detached during the accident had been lost, misplaced, or put to use in another part of the mine. Some time later, Cyprus' safety manager, Robert A. Bohach, told Appellant that, while moving office furniture, the rating tag had been lost. At this time, then, Appellant did not have, and could not obtain possession of, either the subject chain sling or the rating tag.

On December 13, 1995, Appellant filed a complaint against the original defendant in this case, Pennsylvania Sling Company (Pennsylvania Sling). Therein, Appellant averred that Pennsylvania Sling was a distributor of Acco chain slings including, specifically, a "5/8" × 5' type SOS ADJ with a clevis sling with a mechanical hook on one end, such as the one involved in the accident resulting in injuries to [Appellant.]" Complaint at 3. Further, Appellant asserted that Pennsylvania Sling negligently tested and certified the chain sling and negligently designed and/or utilized the metal capacity rating tag affixed to the chain sling.

In response thereto, Pennsylvania Sling filed a praecipe to join Acco Chain and Lifting Products, Inc. (Acco) as an additional defendant. Following the joinder, Pennsylvania Sling filed an answer with new matter in which it admitted distributing the type of chain sling at issue but specifically denied that it did so negligently. Acco likewise filed a timely answer in which it denied any negligence in the design and/or manufacturing of its chain slings.

In early July of 1997, Pennsylvania Sling and Acco filed separate motions for summary judgment pursuant to Pa.R.C.P. 1035.2(2), 42 Pa.C.S.A. Therein, both defendants argued that Appellant failed to produce sufficient evidence to prove a prima facie case of negli-

gence and that the defendants were, therefore, entitled to judgment as a matter of law. Specifically, the defendants averred that Appellant had not proffered sufficient direct or circumstantial evidence of the identity of the subject chain sling's manufacturer and/or distributor.

In support of their assertion that Appellant could not prove the identity of the chain sling's manufacturer and/or distributor, Pennsylvania Sling and Acco offered the following facts: In March of 1993, when Appellant began working at the Cumberland Mine, the mine was owned by USX Corporation. Shortly thereafter, on June 7, 1993, the Cumberland Mine was sold to Cyprus. This sale encompassed both the minesite's real property as well as the mining equipment in use thereon. Appellant's accident occurred approximately six months later, on December 14, 1993.

In an attempt to establish the identity of the chain sling's manufacturer and/or distributor, Pennsylvania Sling served a subpoena *duces tecum* upon Cyprus. Therein, Pennsylvania Sling requested, *inter alia,* that Cyprus produce all documents relating to all products purchased from Pennsylvania Sling from 1980 until the present time. The subpoena also requested that Cyprus reveal all documents relating to all chain sling purchases from any manufacturer and/or distributor during the same time period.

In response to the subpoena, Cyprus' safety manager, Robert A. Bohach, filed a sworn affidavit in which he stated that, following the sale of the Cumberland Mine from USX to Cyprus, USX retained all of its purchasing and product information. Cyprus, therefore, was only able to produce information relating to purchases which occurred after the June 7, 1993, sale. Bohach then stated that Cyprus' records revealed that from June 1993 to the present, Cyprus purchased chain slings only from Pennsylvania Sling. Bohach further stated, however, that he did not know whether the chain sling involved in Appellant's accident was bought by Cyprus after the sale or was purchased by USX prior to the sale and then transferred to Cyprus.

In addition to the Bohach affidavit, Pennsylvania Sling and Acco proffered Appellant's deposition testimony. Therein, Appellant testified that, while the rating tag had identifying letters or partial words when he saw it in September of 1994, he could not remember what they were. Appellant also stated that, to the best of his knowledge, there were no pictures or other memorialization regarding the tag's characteristics. For example, Appellant did not take any notes following his meeting with Mr. Zobrosky. Further, Appellant conceded that a chain sling could remain operable for a number of years and that he had no idea whether USX or Cyprus purchased the chain sling at issue. Finally, Appellant confessed that he had no information relating to USX's purchasing practices or records.

Based upon this information, Pennsylvania Sling and Acco argued, Appellant's purported identification of them as the chain sling's distributor and manufacturer, respectively, was entirely too speculative. Indeed, the parties argued, Appellant's circumstantial identification theory was wholly premised upon the unsubstantiated assumption that the chain sling was purchased by Cyprus after the June 1993 sale. Therefore, because Appellant could not identify the ostensible negligent parties with sufficient certainty, Pennsylvania Sling and Acco asserted that they were entitled to judgment as a matter of law.

Pursuant to Pa.R.C.P. 1035.3(a)(2), Appellant filed a timely response to Pennsylvania Sling's motion for summary judgment in which he argued that, based upon the established record, "there is sufficient evidence for a jury to conclude that Pennsylvania Sling Company provided the chain sling to Cyprus Cumberland." Response Brief to Motion for Summary Judgment at 5–6. While acknowledging that "purchase records prior to June, 1993, are not available due to prior ownership by USX," Appellant relied upon the Bohach affidavit to establish that, following the sale, Pennsylvania Sling was the sole supplier of chain slings to Cyprus.

Included in his response's "Statement of the Case," Appellant explicitly established that he would not reply to Acco's motion for summary judgment. Specifically, Appellant

stated that he "takes no position with regard to the Defendant Acco's Motion for Summary Judgment, and files no response thereto. [Appellant] files this brief in response to the Defendant Pennsylvania Sling's Motion for Summary Judgment." Response Brief to Motion for Summary Judgment at 3.

On July 31, 1997, the parties presented their respective positions at oral argument before the Honorable H. Terry Grimes. Thereafter, by court order dated August 1, 1997, Pennsylvania Sling's and Acco's motions for summary judgment were granted. This appeal followed.

When reviewing the propriety of a trial court's entry of summary judgment, this Court's scope of review is plenary. That is, we must review the record in the light most favorable to the adverse party and determine whether the moving party has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Since an order favorable to the moving party will prematurely end an action, summary judgment is appropriate in only the clearest of cases. *See, e.g., Leonelli v. McMullen,* 700 A.2d 525, 527 (Pa.Super.1997); *Scopel v. Donegal Mut. Ins. Co.,* 698 A.2d 602, 605 (Pa.Super.1997).

In the instant appeal, Appellant argues that the trial court erred as a matter of law in determining that Appellant could not identify the chain sling's manufacturer and/or distributor with sufficient specificity. Rather, Appellant avers, the record contains adequate circumstantial evidence of identity from which a jury could reasonably conclude that the named parties manufactured and distributed the subject chain sling. In the alternative, Appellant contends that summary judgment was improper because, at the time the court entered its order, there were outstanding discovery matters which, if resolved, may have yielded additional evidence of identity.

Prior to reaching the merits of Appellant's main issue, we must dispose of a preliminary matter. In this appeal, Appellant objects to the court's order granting judgment in favor of both Pennsylvania Sling and Acco. As previously stated, however, Appellant chose not to respond to Acco's motion for summary judgment. This decision was made notwithstanding the fact that Pa.R.C.P. 1035.3(a) plainly requires the adverse party to a summary judgment motion to respond thereto.

█ We recognize, however, that the failure to respond appropriately permits the entry of judgment in favor of the moving party, but does not require such. *See, e.g., Smitley v. Holiday Rambler Corp.,* 707 A.2d 520 (Pa.Super.1998) (trial court may, at its discretion, enter judgment against a party that fails to respond to a summary judgment motion). Since both Acco and the trial court focused upon the merits of the identification issue, we must conclude that Acco waived its right to object to Appellant's non-compliance with our Rules. We will, therefore, review the substance of Acco's motion to determine whether the trial court correctly held that Acco was entitled to judgment as a matter of law.

█ Turning now to the merits of Appellant's first issue, we must decide whether Appellant proffered sufficient evidence that Pennsylvania Sling and Acco distributed and manufactured, respectively, the subject chain sling. In the recent case of *O'Donnell v. Big Yank, Inc.,* 696 A.2d 846 (Pa.Super.1997), this Court addressed the question of, *inter alia,* what quantum of identification evidence a plaintiff must offer prior to trial in order to justify allowing the issue to be submitted to a jury. Therein, we held that, in cases in which the allegedly defective product is not available, a plaintiff may prove identification through circumstantial evidence. That is, the failure to produce the product and, thus, offer direct evidence of the manufacturer's identity does not automatically bar a plaintiff's recovery. The determination of whether a plaintiff has produced sufficient circumstantial identification evidence is factual and, thus, case-specific. *O'Donnell,* 696 A.2d at 849.

For example, in *O'Donnell,* this Court held that the plaintiff had, in fact, offered sufficient evidence of the allegedly defective product's manufacturer and distributor to warrant submission to a jury. After being severely burned in an accident in which his work pants caught on fire, the *O'Donnell*

plaintiff commenced a products liability action against Big Yank, Inc., and K–Mart Corporation. Since the plaintiff did not dispute that his wife had discarded the charred pants, the defendants moved for summary judgment asserting, *inter alia*, that the plaintiff could not sufficiently prove that the defendants manufactured and sold the pants.

Upon review, we declined to hold that the failure to produce the product at issue worked, per se, to bar the appellant's claim. Indeed, after reviewing the appellant's factual proffer, we held that the trial court should have permitted the identification issue to be submitted to the jury. In particular, we noted that the record contained deposition testimony of the appellant's wife in which she averred that she bought several work outfits manufactured by Big Yank at K–Mart. Following the accident, the remaining outfits were turned over to appellant's counsel. At her deposition, Mrs. O'Donnell swore that the outfits in counsel's possession were "exactly the same make as the ones [Mr. O'Donnell] wore that night." *Id.*

This evidence, we held, sufficiently, albeit circumstantially, identified the appellees such that the matter should have been decided by a jury. Specifically, we stated as follows:

> **Because there was evidence offered identifying Appellees as the manufacturer and seller of the pants, it was inappropriate for the court to enter summary judgment.** At trial Appellees can offer a defense which seeks to prove that Mrs. O'Donnell has misidentified them as responsible parties. They can question Mrs. O'Donnell, as they did during her deposition, about whether she retained any store receipts, any tags from the clothing or how specifically she or her husband can describe the clothing he was wearing at the time of the accident. This evidence can all be presented before a jury, which can accept or reject it. Appellants cannot, however, be deprived of the opportunity to present their case before a jury under these circumstances.

*Id.* at 850 (emphasis added).

In holding as we did in *O'Donnell,* we distinguished this Court's earlier decision in *DeWeese v. Anchor Hocking,* 427 Pa.Super. 47, 628 A.2d 421 (1993). Factually, *DeWeese* involved a situation in which a country club employee was injured when a glass pitcher filled with hot water spontaneously exploded. Following the accident, the pitcher's shattered remnants were discarded by club employees.

During pre-trial discovery, the defendants, Anchor Hocking Consumer and Industrial Products Group and Lewis Brothers and Sons, Inc., deposed the plaintiff and the country club's general manager. As a whole, their testimony established that the club purchased glass pitchers manufactured by several companies from a variety of distributors. It was also established that the club did purchase several Anchor Hocking pitchers from Lewis Brothers and that, therefore, the plaintiff could have been injured by the defendants' product. Since the plaintiff could not describe the type of pitcher he was using on the day in question, however, this Court held that the plaintiff's identification evidence was too speculative.

We, therefore, affirmed the trial court's order granting summary judgment in favor of the defendants. In so doing, we stated as follows:

> The only conclusion one can draw, when viewing the depositions and answers to interrogatories submitted in this case most favorably to DeWeese, is that the club purchased several Anchor Hocking pitchers from Lewis Brothers. **There is no testimony or reliable document, however, which tends to establish that DeWeese was injured by one of those pitchers....**

*DeWeese,* 628 A.2d at 424 (emphasis added).

■ With this standard in mind, we have reviewed the factual record established below. After careful consideration, we must conclude that, as a matter of law, Appellant has failed to establish with sufficient specificity that Pennsylvania Sling and Acco distributed and manufactured the chain sling at issue. We, therefore, affirm the trial court's order granting summary judgment. *See, e.g., Burman v. Golay and Co., Inc.,* 420 Pa.Super. 209, 616 A.2d 657, 659 (1992) (before liability will attach, products liability

plaintiff must establish that the injuries sustained were caused by the product of a particular manufacturer or supplier).

Viewing the evidence in the light most favorable to Appellant, one can reasonably conclude that Pennsylvania Sling was Cyprus' sole supplier of chain slings. Therefore, if there was evidence tending to show that Cyprus bought the chain sling, we would not hesitate to conclude that Appellant proffered sufficient circumstantial identification evidence. This, however, is not the case.

Indeed, both Appellant and Cyprus' safety manager testified that there is **no** evidence as to whether Cyprus or its predecessor, USX, bought the chain sling. Moreover, both Appellant and Cyprus stated that there is **no** evidence regarding USX's purchasing practices or records. Appellant's identification is, thus, entirely premised upon the assumption that Cyprus bought the chain sling. Since there is no evidence of record substantiating this supposition, we must conclude that Appellant's circumstantial identification is too speculative to be submitted to a jury.

In the alternative, Appellant argues that the trial court improperly granted summary judgment at a time when there was outstanding discovery which, if completed, may have buttressed the identification of Pennsylvania Sling and Acco. This argument is flawed in several respects and cannot afford Appellant relief.

Asserting that Appellant failed to establish an essential element of his cause of action, both Pennsylvania Sling and Acco premised their summary judgment motions upon Pa. R.C.P. 1035.2(2). That is, the parties argued that Appellant had not proven the identity of the chain sling's manufacturer and distributor.

Pursuant to Pa.R.C.P. 1035.3, the adverse party may respond to such a challenge in two ways. First, the party opposing judgment may identify "evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.3(a)(2). In the alternative, the "adverse party may supplement the record or set forth reasons why the party cannot present evi-

dence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." Pa. R.C.P. 1035.3(b).

██ Taking the position that "there is sufficient evidence for a jury to conclude that Pennsylvania Sling Company provided the chain sling to Cyprus Cumberland," Appellant chose to rely upon subsection (a)(2) of the Rule. Response Brief to Motion for Summary Judgment at 5–6. At no time did Appellant evoke subsection (b) of the Rule by stating that he wished to supplement the record or that outstanding discovery could yield additional helpful information. Since Appellant failed to raise this issue in the court below, we hold that he has waived the claim for purposes of appellate review.

Moreover, even assuming that Appellant preserved this claim at the trial court level, our review of its substance reveals that it is without merit. Appellant correctly states that there were depositions scheduled for several Cyprus employees for August 6 and 7, several days before the August 11 trial date. Appellant fails to reveal, however, that Pennsylvania Sling scheduled these depositions and that, in fact, all of the discovery below was initiated and conducted by Pennsylvania Sling and Acco. In point of fact, Appellant did not propound any discovery requests during the entire pre-trial period. It is, therefore, disingenuous to intimate that Appellant had outstanding discovery requests at the time when the trial court entered judgment.

Finally, Appellant has made no attempt to identify the substance of the Cyprus employees' proposed testimony. Instead, Appellant merely speculates that "said depositions could have possibly provided additional information about the tag's whereabouts." Appellant's Brief at 8. Again, if Appellant believed that the Cyprus employees had information regarding the equipment's whereabouts, manufacturer and/or distributor, Appellant could have deposed these individuals during discovery. Alternatively, Appellant could have requested that the trial court delay its ruling until after the scheduled depositions were completed. Appellant cannot, however, present this Court with a vague and inade-

quate proffer in order to effectively argue that summary judgment was improperly granted.

Order affirmed.