## Griffith Energy Services Inc. v. Heavy Haulers Inc.

C.P. of Montgomery County, no. 08-17482.

*Kathleen O'Connell Bell,* for plaintiff.
*Gregory DiPippo,* for defendants.

SMYTH, *J.,* August 30, 2009—This is an action to collect sums due on a commercial contract for deliveries of diesel fuel by plaintiff Griffith Energy Services to defendant Heavy Haulers Incorporated. Co-defendant Jena Rubbo signed the application for credit with Griffith as owner and president of Heavy Haulers and also executed a personal guarantee. The complaint claimed defendants failed to make payment on certain deliveries of fuel under the contract. In answer to the complaint and in response to requests for admissions, defendants admitted that deliveries of fuel were made and that money is

owed but professed to be unsure of the exact amount. (See defs.' answers pl.'s req. admis. ¶¶1-6.)

Plaintiff moved for summary judgment in the amount of $27,564.67. In an answer to the motion and supporting brief, defendants raised as the sole issue of material fact precluding summary judgment that the amount sought in the motion for summary judgment varied by approximately $6,000 from the amount sought in the complaint. (Br. supp. def.'s ans. pl.'s mot. summ. j. 2.) At oral argument on the motion, plaintiff's counsel pointed out that the discrepancy had been corrected in an amended complaint. The court has reviewed the amended complaint and confirmed that the amount demanded therein is the same as the amount of the judgment sought in the motion. Defendants' counsel at oral argument (which he participated in via conference call) raised an entirely new issue not raised in the written response to the motion or supporting brief. He conceded that judgment in the amount sought would be proper against the corporate defendant, Heavy Haulers, but argued that there were genuine issues of material fact whether the contract was unenforceable against the personal guarantor as a contract of adhesion. With the court's permission plaintiff submitted a supplemental memorandum addressing this issue first raised at oral argument. The motion for summary judgment is now ripe for decision.

Summary judgment as a matter of law is appropriate

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

"(a) . . . [T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) evidence in the record establishing the facts essential to the . . . defense which the motion cites as not having been produced.

"(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." Pa.R.C.P. 1035.3(a)-(b).

In addition, under the rules of pleading, Pa.R.C.P. 1019(a) and Pa.R.C.P. 1029, a general denial of the amounts claimed to be due and owing under a contract or a statement that the pleader is without knowledge or information sufficient to form a belief as to such amounts is deemed an admission and fails to raise a genuine issue

of material fact to overcome a motion for summary judgment where the pleader clearly must know the truth or falsity of the opponent's allegations and the motion for summary judgment is adequately factually supported. See *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 653 A.2d 688 (1995). In *Strausser,* the Superior Court affirmed a grant of summary judgment for a mortgagee in an action in foreclosure, holding a mortgagor's denial as a conclusion of law of the amounts of principal and interest alleged to be due on a mortgage in effect constituted admissions of the amounts due. "[U]nquestionably," the court said, "apart from [the mortgagee], [mortgagors] are the only parties who would have sufficient knowledge on which to base a specific denial." 439 Pa. Super. at 200, 653 A.2d at 692; accord *New York Guardian Mortgage Corp. v. Dietzel,* 362 Pa. Super. 426, 524 A.2d 951 (1987) (affirming summary judgment in foreclosure for mortgagee, holding answers stating that mortgagors were without information sufficient to form belief as to the truth of mortgagee's averment as to principal and interest due was a general denial and to be considered admission of those facts); see also, Pa.R.C.P. 1029(c) note ("Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false." (citing *Cercone v. Cercone,* 254 Pa. Super. 381, 386 A.2d 1 (1978))).

Under these authorities, defendants' attempt to overcome summary judgment by vaguely pleading lack of knowledge of the precise amounts due and owing for the deliveries of fuel must fail, and the amounts pled in the complaint and supported in the motion for summary

judgment must be taken as established. The discrepancy between the amount claimed in the original complaint and the amount sought in the motion raised in defendant's brief as a genuine issue of material fact is adequately resolved in the amended complaint, which claims an amount due and owing that is identical to the amount of the judgment sought in the motion. Further contest to the validity of the amounts claimed to be due is waived by defendants' counsel's admission at oral argument that summary judgment against the corporate defendant in the amount sought would be proper. Cf. *Harber Philadelphia Center v. LPCI Ltd.,* 764 A.2d 1100, 1105 (Pa. Super. 2000) ("Our application of the summary judgment rules in *Payton* [*v. Pennsylvania Sling Co.,* 710 A.2d 1221 (Pa. Super. 1998)] establishes the critical importance to the non-moving party of the defense to summary judgment he or she chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not.").

The defense first raised at oral argument, that the contract was a contract of adhesion as to the personal guarantor, Jena Rubbo, is likewise waived, as the defense is raised nowhere in the written response to the motion for summary judgment or the brief in support of the response. Cf *id.* at 1105-1106 (holding argument not raised in written response to a motion for summary judgment or briefs in opposition to summary judgment were waived and summary judgment was affirmed). The argument is also waived because defendants neither discharged their burden under Pa.R.C.P. 1035.3(a) of proving the elements of the defense of contract of adhesion by adducing or

pointing to evidence in the record in written response to the motion for summary judgment, nor sought under Pa.R.C.P. 1035.3(b) to supplement the record or set forth reasons why such evidence could not be produced. Cf *Payton v. Pennsylvania Sling Co.*, 710 A.2d 1221, 1226 (Pa. Super. 1998) (affirming summary judgment against argument further discovery could have led to evidence sufficient to establish a claim where plaintiff neither adduced nor sought to adduce such evidence in the trial court).

The concept upon which counsel seized at oral argument, contract of adhesion, is defined as a standardized contract form offered to consumers of goods and services on essentially a "take it or leave it" basis without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or services except by acquiescing in the form contract; the distinctive feature of a contract of adhesion is that the weaker party has no realistic choice as to its terms; furthermore not every such contract is unconscionable. *Denlinger Inc. v. Dendler,* 415 Pa. Super. 164, 174-75, 608 A.2d 1061, 1066 (1992) (reversing summary judgment based on doctrine of contract of adhesion granted to the sole owner of a building company who had signed an application for credit on the company's behalf with a corporate supplier of building materials). "Although the party challenging the contract or provision bears the burden of affirmatively pleading and proving the unconscionab[leness] . . . the actual determination of unconscionab[leness] is a question of law for the court." *Id.* at 175-76, 608 A.2d at 1067. (citations omitted)

The facts of *Dendler* itself are legally indistinguishable from those of this case—to the extent any facts relevant to contract of adhesion have even been brought forth here. There, the owner of a contracting company had regularly purchased building materials and supplies from a corporate supplier on a cash-only basis; however, after he incorporated the company, the supplier offered an application for credit, which the owner signed, opening an account under which the company could buy supplies on credit. *Id.* at 167, 608 A.2d at 1062-63. The company went into bankruptcy, at the time owing the supplier a substantial sum of money for materials that had already been delivered and accepted. *Id.* at 168, 608 A.2d at 1063. The supply company sued the owner personally to recover its losses, as permitted under the application for credit; the owner pled as an affirmative defense that the application was an unconscionable contract of adhesion. *Id.* The trial court agreed and granted summary judgment to the owner of the building company. *Id.* On appeal, the Superior Court of Pennsylvania reversed the trial court, *id.* at 167, 608 A.2d at 1062, finding the application was not a contract of adhesion.

Although the factual record in *Dendler* was apparently much more developed on the parties' business relationship and relative bargaining power than is the record before us, the Superior Court relied heavily on the facts, which are equally present in our case, that neither party to the contract was a consumer, but rather both were corporate, commercial enterprises. *Id.* at 173-74, 608 A.2d at 1066. The court wrote that "it would be improper to borrow, without differentiation, concepts developed to protect consumers and employ them in

favor of one commercial party over another." *Id.* at 174, 608 A.2d at 1066. The court also observed that our courts have "refused to hold contracts unconscionable simply because of a disparity in bargaining power." *Id.* at 176, 608 A.2d at 1067. The court concluded that the application for credit was not so bewildering or fine in terminology that the owner of the contracting company could credibly claim he did not understand the terms, or his personal liability under them; hence the contract was not unconscionable as a matter of law. *Id.* at 177-82, 608 A.2d at 1068-70.

The facts of the present case, as far as we know from defendants' meager written presentations in opposition to summary judgment, are not materially different. The application for credit was a commercial contract at arms' length between two corporations, one a supplier of diesel fuel, the other a firm engaged in the heavy trucking business. The supplier made deliveries on credit under the application, such that at the time the trucking company defaulted on its obligation, deliveries of fuel had been made and accepted but not paid for in full. Defendant Rubbo signed the application as owner of the trucking company, and also as personal guarantor of payment on the credit extended. There is no evidence of record, certainly none pointed to in the response and brief opposing the motion for summary judgment, to establish that the parties' bargaining power was unequal or that there were no other local suppliers of diesel fuel such that the contract was "take it or leave it," or that defendant Rubbo was unsophisticated in the ways of such commercial contracts or in the meaning of the personal guarantee she signed to get her company deliveries of fuel on credit.

"Where, as here, the debtor has not alleged fraud, and has produced no evidence to show a lack of capacity to understand the document signed, or that he or she had asked for an explanation of the contract language, the debtor must be held to the contract's terms." *Germantown Savings Bank v. Talacki,* 441 Pa. Super. 513, 522, 657 A.2d 1285, 1289-90 (1995) (holding guarantor of commercial debt was bound by warrant of attorney that allowed confession of judgment against her printed in the same size type as other provisions in the guaranty she had signed).

To summarize, defendants have abandoned the only alleged genuine issue of material fact raised in their answer and brief in opposition to summary judgment, that the amount sought in the motion for summary judgment differed from the amount sought in the complaint, by conceding at oral argument that judgment in the amount sought in the motion would be proper against the corporate defendant, Heavy Haulers. Moreover, any discrepancy is resolved by the amended complaint, which pleads the exact same amount due and owing as the motion. The defense raised for the first time at oral argument that Heavy Haulers' owner and personal guarantor on the application for credit, defendant Rubbo, is exempt from individual liability because the guarantee was a contract of adhesion which she did not understand is both waived and factually unsupported as not being substantiated by the written responses to the motion or the evidence of record as required by Pa.R.C.P. 1035.3, and legally without merit. Summary judgment is hereby entered for plaintiff and against defendants in the amount of $27,564.67.