J-A02026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON CORPORATION, AS TRUSTEE OF CHL MORTGAGE PASS-THROUGH TRUST 2002-36 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2002-36 C/O NATIONSTAR MORTGAGE LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JOHN G. DIMOU AND ANNA DIMOU | |
| | No. 3804 EDA 2015 |

Appeal from the Order November 19, 2015
in the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2014-C-2609

BEFORE:  OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY RANSOM, J.:                          **FILED MAY 04, 2017**

Appellant, The Bank of New York Mellon Corporation, as Trustee of CHL Mortgage Pass-Through Trust 2002-36 Mortgage Pass-Through Certificates Series 2002-36 c/o Nationstar Mortgage, LLC, appeals the order of November 19, 2015, granting Appellees John G. Dimou and Anna Dimou's motion for summary judgment and dismissing its complaint in mortgage foreclosure with prejudice.  We affirm.

We adopt the following statement of facts from the trial court's opinion.  Trial Court Opinion (TCO), 2/25/16, at 1-2.  Appellant filed a

_____

[*] Former Justice specially assigned to the Superior Court.

complaint in mortgage foreclosure predicated on a May 2011 default by Appellees. Appellant obtained a default judgment against Appellees, who subsequently filed a petition to open judgment. In addition to requesting that the court open the judgment because Appellant had prematurely entered it, the petition asserted a prior, quiet title action was pending before the Lehigh County court. Appellants stipulated to opening the judgment. The court ordered a non-jury trial to be held December 2, 2015. Appellees filed an answer with new matter; Appellants filed a reply.

On September 9, 2015, Appellees filed a motion for summary judgment, arguing that the mortgage was deficient due to the fact that only Mr. Dimou, not Mrs. Dimou, had executed the mortgage. Appellants requested an extension of time to respond; the trial court accordingly extended the response deadline until November 8, 2015. Appellants did not respond, and on November 19, 2015, the court granted Appellees' motion and dismissed Appellant's complaint with prejudice. Appellant filed a motion for reconsideration, averring that its failure to respond was the result of a scheduling error and staffing transition. This motion was denied.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

I. Did the trial court commit an abuse of discretion, or error of law when it dismissed Appellant's complaint in mortgage foreclosure for non pros with prejudice?

II. Did the trial court commit an abuse of discretion, or error of law when it granted Appellees' motion for summary judgment?

III. Did the trial court commit an abuse of discretion, or error of law when it denied Appellant's petition to vacate, modify, open, or reconsider its November [19], 2015 order?

Appellant's Brief at x.

First, Appellant claims that the trial court committed an abuse of discretion or error of law in dismissing Appellant's complaint in foreclosure for non pros with prejudice. *See* Appellant's Brief at 1. Appellant contends that because this dismissal did not amount to a final judgment on the merits, nothing was adjudicated. *Id.* Accordingly, Appellant claims it should not be precluded from bringing another claim in mortgage foreclosure from the May 1, 2011 default. *Id.*

This argument is inapposite, as the court did not grant Appellees a judgment of non pros. The Pennsylvania Rules of Civil Procedure provide that a judgment of non pros may be entered in the following situations:

> (a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.
>
> (b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings.

*See* Pa.R.C.P. No. 1037. In the instant case, the court granted Appellees' motion for summary judgment. *See* Pa.R.C.P. 1035.3. Accordingly, Appellant is not entitled to relief from a judgment of non pros.

Next, Appellant claims that the trial court committed an abuse of discretion or error of law in granting Appellees' motion for summary judgment. *See* Appellant's Brief at 7. Appellant raises a number of arguments in support of this claim. First, Appellant contends that summary judgment is only proper where the right to judgment is free from doubt and here, genuine issues of material fact existed due to Appellees' denial of the claims, Appellant's denial of Appellees' new matter, and the pendency of a prior quiet title action. *Id.*

Further, Appellant argues that the motion for summary judgment improperly relied solely on claims asserted by Appellees. *Id.* at 10. Appellants argue that the statute of frauds does not preclude the enforcement of the mortgage, because either spouse may act for both in matters of entireties. *Id.* at 13. Appellants argue that the court should have dismissed the motion for summary judgment for a violation of the *Nanty-Glo*[1] rule, as it was verified only by Appellees' attorney. *Id.* at 14-15. Finally, Appellant argues that the trial court lacked jurisdiction over the

---

[1] *Nanty-Glo v. American Surety Co.,* 163 A. 523 (1932).

issues raised in the motion for summary judgment because of the pending quiet title action. *Id.* at 16.

Our scope and standard of review of an order granting summary judgment are well-settled.

> [S]ummary judgment is properly granted where there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law. Summary judgment may be granted only where the right is clear and free from doubt. The moving party has the burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 691 (Pa. Super. 1995) (internal citations and quotations omitted).

We do not reach the merits of Appellant's arguments.[2] The Pennsylvania Rules of Civil Procedure provide guidance where a party fails to respond to a motion for summary judgment:

_____

[2] Appellees' motion for summary judgment argued that the mortgage was invalid because Mrs. Dimou had not executed the mortgage, and the property was held by both Mr. and Mrs. Dimou as tenants by the entireties. *See* Motion for Summary Judgment, 9/9/15, at ¶¶ 1-14. *But see J.R. Christ Construction Co. v. Olevsky*, 232 A.2d 196, 199 (Pa. 1967) (noting the presumption that with respect to properties held by spouses as tenants by the entireties, during term of marriage, either spouse has power to act for both without specific authority so long as benefits of such action inure to both).

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

…

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment may be entered against a party who does not respond.

…

Pa.R.C.P. 1035.3 (notes omitted).

The Lehigh County Rules of Civil Procedure further provide that:

(2) Any party opposing the motion shall file a response along with a supporting brief, within thirty (30) days after service of the motion. If a response is not filed as provided above, the court may treat the motion as uncontested.

Leh.R.C.P. 1035.2(a).

Our Court has recognized that the failure to appropriately respond to a motion for summary judgment permits, but does not require, the entry of judgment in favor of the moving party. **See**, **e.g.**, **Payton v. Pennsylvania Sling Co.**, 710 A.2d 1221, 1224 (Pa. Super. 1998).

Here, Appellees filed their motion for summary judgment on September 9, 2015. Appellants were granted an extension of time to respond by November 8, 2015, but failed to do so. The trial court granted the summary judgment motion on November 19, 2015. Per the Pennsylvania and Lehigh County Rules of Civil Procedure, as Appellant did not respond to Appellees' motion within the time allotted, the court was permitted to treat the motion as uncontested and enter judgment. Thus, the court did not abuse its discretion in granting Appellees' motion. **Strausser**, 653 A.2d at 691; **Payton**, 710 A.2d at 1224; Pa.R.C.P. 1035.3; Leh.R.C.P. 1035.2(a).

Finally, Appellant claims that the trial court erred in denying Appellant's motion to vacate, modify, open, or reconsider the November 18, 2015 order. **See** Appellant's Brief at 17. Appellant contends that it met the requirements for the opening of a judgment of non pros and that its motion was unopposed. **Id.**

As discussed above, Appellant was not entitled to relief from a judgment of non pros, as no judgment of non pros was entered. Further, an order denying reconsideration is unreviewable on appeal. **See Huntington Nat. Bank v. K–Cor, Inc.,** 107 A.3d 783, 787 (Pa. Super. 2014) ("Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal.").

Order affirmed.

Judge Fitzgerald joins.

Judge Ott files a concurring/dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017