J-A11041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLE J. GAWRON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CITADEL FEDERAL CREDIT UNION | : | |
| | : | |
| Appellee | : | No. 1536 MDA 2017 |

Appeal from the Order Entered September 1, 2017
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 2013-12093

BEFORE:   STABILE, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 07, 2018**

Appellant, Nicole J. Gawron, appeals from the order granting the motion for summary judgment of Appellee, Citadel Federal Credit Union, in this breach of contract motor vehicle repossession action.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's December 6, 2017 opinion.

> On February 16, 2009, the parties entered into a Motor Vehicle Installment Sales Contract (the "Contract")[,] which required Appellant to pay to Appellee sixty (60) payments in the amount of $341.82 beginning on March 20, 2009.  The loan was in connection with the purchase of a 2005 Nissan Altima and the Contract granted Appellee a security interest in said vehicle.  Pursuant to the Contract, Appellant would be in default if she failed to make a payment on or before the due date or failed to keep a promise made in the Contract.  One such promise Appellant made to Appellee in the Contract was that she would not move the vehicle from the address listed in the Contract . . . to a new place of permanent garaging without advance notice to Appellee.  In an event of default, Appellee could accelerate the loan and/or

_____
*   Retired Senior Judge assigned to the Superior Court.

repossess the vehicle. Upon repossession of the vehicle, Appellant would not have the right to reinstate the Contract, but could redeem the vehicle or it would be sold to pay expenses and any amounts remaining due on the loan. In the event that the vehicle is repossessed, the Contract provides that Appellant must pay the costs of repossessing, storing, repairing, preparing for sale, and selling the vehicle. Finally, the Contract allows Appellee to delay enforcing its rights without losing such rights.

According to Appellee's records, Appellant was in default for nonpayment under the Contract as early as December 4, 2012, and Appellant admitted in court filings and her deposition that she had defaulted on the loan. ([*See*] Amended Complaint, Ex. B, p. 8, number 50; [] [Appellant's] Depo., [3/09/17,] p.8, 11[).] As of December 12, 2012, Appellant was fifty-three (53) days late on her loan payments and owed a total of $682.82. Appellee's records also indicate that it made several unsuccessful attempts to reach Appellant by phone during this time period. As a result of the default, Appellee initiated the repossession process on or about December 12, 2012. Appellee attempted to locate Appellant and the vehicle on numerous occasions between December 2012 and February 2013, incurring $512.50 in fees. According to Appellant, she had moved from the original address in the Contract and her new home was where the vehicle was parked. Appellant was unsure of the date upon which she notified Appellee of her change of address. As of February 13, 2013, Appellant paid off her past due balance on the loan; however, in a conversation with Appellee, Appellant both acknowledged the start of the repossession process and refused to pay the $512.50 in fees.

During various phone calls with Appellee after February 13, 2013, Appellant was again advised that she must pay the $512.50 in fees to stop the repossession. In the absence of any payments, Appellee's agent repossessed Appellant's vehicle on March 4, 2013. On March 5, 2013, prior to Appellee's notification that the vehicle had been repossessed, Appellant contacted Appellee and was told again that she must pay the $512.50 in fees to stop the repossession. According to Appellant, she was aware of the repossession at the time she called Appellee, but did not inform Appellee. This was the first time Appellant agreed to pay the repossession fees to Appellee. Appellant was instructed to deposit an amount and to contact Appellee once that was done. When Appellant called Appellee again, she confirmed that her vehicle had already been repossessed and was told that changed the

situation. Appellee explained to Appellant that she would now have to go through the redemption process. Immediately after talking to Appellee, Appellant withdrew the money she had previously deposited to cover the fees associated with the initial repossession. After Appellant refused to make any payments to redeem the vehicle, Appellee sold the vehicle to a third party on April 24, 2013.

(Trial Court Opinion, 12/06/17, at 11-15) (most record citations omitted).

On November 7, 2013, Appellant filed a complaint against Appellee in connection with the financing and repossession of her vehicle. Appellee filed preliminary objections, which the trial court granted in part. On September 10, 2014, Appellant filed an amended complaint alleging breach of contract, unjust enrichment, fraud, negligent misrepresentation, fraudulent concealment, and violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).[1] The trial court denied Appellee's preliminary objections on March 17, 2016. On October 5, 2016, Appellee filed a motion for judgment on the pleadings, which the trial court denied, after argument, on December 6, 2016.

After the parties completed discovery, Appellee filed a motion for summary judgment arguing that there are not material facts in dispute and it is entitled to judgment as a matter of law. (**See** Motion for Summary Judgment, 4/17/17, at 8). It explained that Appellant does not dispute the terms of the agreement, and that she defaulted under the agreement by failing to make payments when due. (**See id.**). Therefore, Appellee alleged that

---

[1] 73 P.S. §§ 201-1—201-9.3.

Appellant "failed to produce any evidence that [Appellee] acted improperly by any means[,]" and "[t]here are no genuine issues of material fact that warrant the submission of this case to a jury." (*Id.* at 9, ¶¶ 55-56).

Appellant filed a brief in opposition to the motion for summary judgment on May 16, 2017, arguing that there are genuine issues of material, but failing to identify any specific issues of fact arising from the record or set forth the evidence in the record of the facts necessary to establish the causes of action in her amended complaint. (*See* Brief in Opposition to Motion for Summary Judgment, 5/16/17, at 1-7).

On August 23, 2017, the court conducted a hearing on the motion for summary judgment.[2] On September 1, 2017, the court entered an order granting Appellee's motion for summary judgment. Appellant filed a timely notice of appeal. On October 23, 2017, pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal. The trial court issued its opinion on December 6, 2017.[3]

---

[2] The hearing also concerned a motion for sanctions that Appellee filed on June 22, 2017.

[3] The trial court concludes that Appellant waived all issues for appeal because her statement, which spanned two pages and raised eleven numbered issues, was not concise. (*See* Trial Ct. Op., at 17-20). However, the court recognized that the ultimate issue raised on appeal was a claim that it erred in granting summary judgment, (*see id.* at 21), and addressed that issue in its opinion. (*See id.* at 21-27). Thus, we do not find waiver because the statement includes the issue raised on appeal, the trial court has addressed the issue, and our appellate review has not been hampered. *See Co. Image Knitware, Ltd. v. Mothers Work, Inc.*, 909 A.2d 324, 329 n.5 (Pa. Super. 2006),

Appellant raises three questions on appeal.[4]

> [1.] Did the court below err as a matter of law in dismissing [Appellant's] amended complaint against [Appellee] for breach of contract, fraud or intentional deceit, fraudulent concealment, negligent misrepresentation, and failure to comply with [the UTPCPL]?
>
> [2.] Did the court below err as a matter of law in dismissing [Appellant's] amended complaint by failing to find that [Appellant] had established that material facts remained in dispute as to whether the actions of [Appellee] constituted a violation of its duty of good faith and fair dealing in its performance and enforcement of the contract between the parties?
>
> [3.] Did the court below err as a matter of law in granting [Appellee's] motion for summary judgment?

(Appellant's Brief, at 4-5) (unnecessary capitalization omitted).

Appellant's questions all concern one issue, whether the trial court erred when it granted Appellee's motion for summary judgment.[5] (*See id.* at 21-

_____

*appeal denied*, 929 A.2d 645 (Pa. 2007) (declining to find waiver for eleven-page statement containing several simple declarations of alleged fact, where statement included issues raised, trial court addressed issues, and appellate review was not hampered).

[4] Although Appellant's brief contains four questions, the first concerns whether the trial court erred in concluding that she waived her issues because of a lengthy concise statement. (*See* Appellant's Brief, at 4). Because we have already discussed the concise statement, and concluded that we will not find waiver, we do not re-address this question. (*See supra*, at 4 n.3).

[5] Although presented as three separate questions, Appellant's concerns all address her allegation that the trial court erred when it granted Appellee's motion for summary judgment. The argument portion of her brief combines them into one issue. (*See* Appellant's Brief, at 21-29). Thus, we combine the three questions into one issue for our discussion as well.

29). Specifically, she claims that issues of material fact remain, which would bar summary judgment.[6] We disagree.

Our standard of review of an order granting summary judgment is well settled.

> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

_____

[6] Appellant's brief fails to identify the elements necessary to establish the causes of actions raised, or how evidence in the record would establish those elements. (**See** Appellant's Brief, at 21-29).

Furthermore, we observe that Appellant's response to the motion for summary judgment fails to set forth which evidence would establish her causes of action, or detail which specific issues of material fact she claims would preclude judgment, in defiance of the requirements set forth in Rule of Civil Procedure 1035.3. (**See** Brief in Opposition to Motion for Summary Judgment, at 1-7); **Grandelli v. Methodist Hosp.**, 777 A.2d 1138, 1143–44 (Pa. Super. 2001) ("Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve the cause of action.") (citation omitted). Notably, Appellant's response fails even to specify which causes of action she raised raised in her Amended Complaint. (**See** Brief in Opposition to Motion for Summary Judgment, at 1-7). Thus, the Rules of Civil Procedure would have permitted the trial court to enter summary judgment in favor of Appellee, the moving party, based on Appellant's failure to respond appropriately to the summary judgment. **See** Pa.R.C.P. 1035.3(a), (d); **Payton v. Pennsylvania Sling Co.**, 710 A.2d 1221, 1224 (Pa. Super. 1998) ("[T]he failure to respond appropriately permits the entry of judgment in favor of the moving party, but does not require such.") (citation omitted).

On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*High v. Pennsy Supply, Inc.*, 154 A.3d 341, 345 (Pa. Super. 2017), *appeal denied*, 171 A.3d 1287 (Pa. 2017) (citations omitted).

Here, the trial court reasoned that Appellant's causes of action are all based on the premise that her vehicle was illegally repossessed, and concluded that, aside from the unjust enrichment claim, all "counts in Appellant's [a]mended [c]omplaint fail because the allegations which form the basis of the causes of action have been disproved by Appellant's own testimony at her deposition." (Trial Ct. Op., at 22). We agree with the trial court.

The first count in Appellant's amended complaint alleged a breach of contract claim against Appellee, claiming that Appellee breached its agreement with Appellant by declaring her loan in default and repossessing the vehicle when the loan was current. (**See** Amended Complaint, at 5-6). "To successfully maintain a cause of action for breach of contract the plaintiff must establish: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Albert v. Erie Ins. Exch.*, 65 A.3d 923, 928 (Pa. Super. 2013) (citation omitted).

Upon review, we conclude that Appellant has failed to show a genuine issue of material fact with respect to whether Appellee breached the Contract. Based on Appellant's admissions, she breached the Contract and was in default beginning in December 2012, when she failed to make timely payments. (*See* Appellant's Deposition, at 8, 11; *see also* Contract, 2/16/09, Additional Terms and Conditions ¶¶ 13). The Contract is clear that because Appellant was in default, Appellee had the right to repossess the vehicle, and charge Appellant the costs of repossession. (*See* Contract, at Additional Terms and Conditions ¶¶ 14-15). Therefore, we conclude that the trial court did not abuse its discretion or commit an error of law in deciding that Appellee was entitled to judgment on count one. *See High*, *supra* at 345.

The second count in the amended complaint alleged an unjust enrichment claim against Appellee. (*See* Amended Complaint, at 6). "A cause of action for unjust enrichment arises only when a transaction is not subject to a written or express contract." *Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.*, 933 A.2d 664, 668 (Pa. Super. 2007), *appeal denied*, 947 A.2d 737 (Pa. 2008) (citation omitted). Here, the trial court concluded that "Appellant has admitted the existence of a written contract between the parties, [therefore,] she cannot sustain a cause of action for unjust enrichment." (Trial Ct. Op., at 22) (case and record citation omitted). We agree. Thus, we conclude that the trial court did not err or abuse its discretion in deciding that Appellee was entitled to judgment as a matter of law with respect to count two. *See High*, *supra* at 345.

The third, fourth, and fifth counts in the amended complaint alleged fraud, negligent misrepresentation, and fraudulent concealment claims against Appellee, for misrepresentations purportedly made by Appellee with respect to repossession of the vehicle. (***See*** Amended Complaint, at 6-9).

"To prove a claim for common law fraud, a party must show: (1) a **representation**; (2) material to the transaction at issue; (3) **made falsely**, with either knowledge or reckless disregard of its falsity; (4) with the intent [of] misleading another person or inducing justifiable reliance; and (5) an injury caused by the reliance." ***DeArmitt v. New York Life Ins. Co.***, 73 A.3d 578, 591 (Pa. Super. 2013) (citations and internal quotation marks omitted; emphases added).

"Negligent misrepresentation requires proof of: (1) a **misrepresentation of a material fact**; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." ***Milliken v. Jacono***, 60 A.3d 133, 141 (Pa. Super. 2012) (*en banc*), *aff'd*, 103 A.3d 806 (Pa. 2014) (citation omitted; emphasis added).

The Restatement Second of Torts defines fraudulent concealment as follows: "One party to a transaction who **by concealment or other action** intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from

discovering." ***Youndt v. First Nat. Bank of Port Allegany***, 868 A.2d 539, 549 (Pa. Super. 2005) (citation omitted; emphasis added).

In the instant case, Appellant admitted that she defaulted under the Contract by failing to make timely payments. Her claim that Appellee promised to return the vehicle to her if she paid the $512.50 fee associated with initiating repossession, is belied by her deposition testimony wherein she admitted that she was not told by Appellee that she would get her vehicle back if she paid the fee. (***See*** Appellant's Deposition, at 78-81). During her deposition, Appellant also admitted that she did not tell Appellee that the vehicle had been repossessed before she offered to pay the $512.50 fee. (***See id.*** at 64).

Therefore, viewing the evidence in the light most favorable to Appellant as the non-moving party, we conclude that Appellant has not demonstrated that there is an issue of material fact with respect to her causes of action for fraud, negligent misrepresentation, or fraudulent concealment, because the evidence does not establish a misrepresentation, misleading statement, or concealment on behalf of Appellee. ***See DeArmitt***, ***supra*** at 591; ***Milliken***, ***supra*** at 141; ***Youndt***, ***supra*** at 549; ***see also High***, ***supra*** at 345. Thus, the trial court did not abuse its discretion or commit an error of law in concluding that Appellee was entitled to judgment on counts three, four, and five.

Finally, the sixth count in the amended complaint alleged that Appellee violated the UTPCPL. (***See*** Amended Complaint, at 9-10). "The UTPCPL

provides a private right of action for anyone who suffers any ascertainable loss of money or property as a result of an unlawful method, act or practice." ***DeArmitt***, ***supra*** at 591 (citation and internal quotation marks omitted). "To recover damages under the UTPCPL, a plaintiff must demonstrate an ascertainable loss **as a result of** the defendant's **prohibited** action." ***Id.*** at 593 (some emphasis in original; citation and internal quotation marks omitted).

Appellant has failed to identify any evidence or a genuine issue of material fact with respect to Appellee's having taken any prohibited action. Rather, because the evidence demonstrates Appellant defaulted on the contract, Appellee's repossession of the vehicle, and holding Appellant accountable for the costs incurred to do so, were all specifically permitted by the Contract. (***See*** Contract, at Additional Terms and Conditions ¶¶ 14-15). Therefore, we conclude that Appellee was entitled to judgment in its favor with respect to Appellant's UTPCPL claim. ***See DeArmitt***, ***supra*** at 591. Accordingly, the trial court did not err or abuse its discretion in granting summary judgment with respect to count six. ***See High***, ***supra*** at 345.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018

- 11 -