J-A24031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WEST COAST SERVICING, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANCES E. GORE AND RUSSELL W. GORE A/K/A RUSSELL W. GORE, JR. | : | |
| | : | |
| | : | No. 652 EDA 2019 |

Appeal from the Order Entered February 1, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02647 January Term, 2017

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED NOVEMBER 25, 2019**

Appellants, Frances E. Gore and Russell W. Gore a/k/a Russell W. Gore, Jr., appeal from an order entered on February 1, 2019 by the Honorable Paula A. Patrick, granting summary judgment in favor of West Coast Servicing, Inc. (Appellee).  We affirm.

Appellee filed a complaint in mortgage foreclosure on January 19, 2017 against Appellants seeking $73,555.41 in damages for Appellants' failure to make payments on the mortgage.  On May 2, 2018, Appellants filed an Answer that denied liability and on August 13, 2018, Appellants filed an Amended

_____

[*] Retired Senior Judge assigned to the Superior Court.

Answer with New Matter, asserting that the defense of laches barred Appellee from bringing this action fifteen years after the initial breach occurred.

On December 12, 2018, at the close of discovery, Appellee filed a Motion for Summary Judgment. Appellants failed to respond to the motion and on January 15, 2019, the trial court granted summary judgment in favor of Appellee for foreclosure and sale of the mortgaged property and assessed damages of $88,187.10. On January 16, 2019, Appellants filed a motion to reconsider, alleging summary judgment was improper because they raised the defense of laches and, therefore, a genuine issue of material fact existed as to the amount of the mortgage. Appellants failed to explain why they did not respond to the motion for summary judgment. On February 1, 2019, the trial court denied Appellants' motion for reconsideration. On February 7, 2019, Appellants filed a timely appeal.[1]

In this appeal, Appellants do not contend there were any genuine disputes of material fact as to their non-payment of mortgage or amount owed; rather, Appellants raise only the following issue on appeal:

> Whether the defense of laches raises a viable issue as to the amount of debt/mortgage owed to [Appellee] by [Appellants].

Appellant's Brief at 7. Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary. ***Pyeritz v.***

---

[1] Appellants filed their timely statement of errors complained of on appeal on February 26, 2019. The trial court entered its opinion on April 9, 2019.

*Commonwealth*, 32 A.3d 687, 692 (Pa. 2011); *American Southern Insurance Co. v. Halbert*, 203 A.3d 223, 226 (Pa. Super. 2019).

Confronted with a motion for summary judgment setting forth evidence establishing the moving party's right to relief, "the adverse party may not rest upon the mere allegations or denials of the pleadings," Pa.R.C.P. 1035.3(a), but must identify evidence controverting the evidence cited in support of the motion or establishing the facts essential to the defense that the motion cites as not having been produced, Pa.R.C.P. 1035.3(a)(1)-(2). "[W]here a motion for summary judgment has been made and properly supported, parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial." *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991). Additionally,

> [T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within **thirty days** after service of the motion identifying. . . evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced. . . .
>
> Summary judgment **may** be entered against a party who does not respond.

Pa.R.C.P. 1035.3 (a), (d) (emphasis added).

The trial court granted summary judgment in favor of Appellee because "Appellant failed to respond to Appellee's Motion for Summary Judgment and did not offer any reasonable excuse for that failure in Appellant's January 16, 2019, Motion for Reconsideration." Trial Court Opinion (TCO) at 3. "Pa.R.C.P.

1035.3(a) plainly requires the adverse party to a summary judgment motion to respond thereto." **Payton v. Pennsylvania Sling Co.,** 710 A.2d 1221, 1224 (Pa. Super. 1998). "We recognize, however, that the failure to respond appropriately permits the entry of judgment in favor of the moving party, but does not require such." **Id.** "If the non-moving party does not respond [to a motion for summary judgment], the trial court may grant summary judgment *on that basis*." **Harber Philadelphia Ctr. City Office Ltd. v. LPCI Ltd. P'ship**, 764 A.2d 1100, 1104 (Pa. Super. 2000). Thus, the trial court had authority to grant summary judgment in Appellee's favor on the ground that it was unopposed. Accordingly, we find no error of law in the trial court's granting of Appellee's unopposed motion for summary judgment based upon Appellants' failure to file a response.

Moreover, the sole argument raised by Appellants is without merit. Appellants argue that the trial court erred by granting summary judgment in favor of Appellee because "the defense of laches raises a viable issue as to the amount of debt/mortgage owed to the [Appellee] by [Appellants]." Appellant's Brief at 7. Appellants argue that this Court should apply the equitable doctrine of laches to bar Appellee from collecting on the debt because fifteen years is an "unreasonable delay," Appellees "acquiesce[d] in the mortgage being in default" and there was prejudice to Appellants due to the delay. **Id.** at 12.

Laches is an affirmative defense to an equitable claim. ***Fulton v. Fulton***, 106 A.3d 127, 131 (Pa. Super. 2014) (the doctrine of laches is an equitable bar to the prosecution of stale claims and is "the practical application of the maxim that 'those who sleep on their rights must awaken to the consequence that they have disappeared.'"). This is a mortgage foreclosure claim, brought as a breach of contract claim seeking monetary damages. "A claim for money due and owing under a contract is 'quintessentially an action at law.'" ***Great-W. Life & Annuity Ins. Co. v. Knudson***, 534 U.S. 204, 210 (2002). Laches is not a defense to an action at law. ***Leedom v. Spano***, 647 A.2d 221, 228 (Pa. Super. 1994) (mortgage foreclosure action was an action at law, and thus, laches was not a proper defense to action.).

Contrary to Appellants' contention, this is not a case of first impression. In ***Leedom***, this Court determined that laches was not a proper defense to a mortgage foreclosure action, an action at law. ***Leedom***, 647 A.2d at 228. The two cases Appellants cite as authority for this Court to extend the equitable defense of laches to actions at law, ***Stilp v. Hafer,*** 718 A.2d 290 (Pa. 1998) and ***White v. Township of Upper St. Clair,*** 968 A.2d 806 (Pa. Cmwth. 2009), are cases involving equitable claims and are, therefore, inapposite. ***See Stilp***, 718 A.2d at 290 (complaint requesting injunctive and declaratory relief); ***See White***, 968 A.2d at 809 (complaint seeking declaratory and injunctive relief).

Because the trial court did not err in granting summary judgment in favor of Appellee, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/19