J-S71003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARILYN RIGMAIDEN DELEON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALYSSA DESTEFANO | : | No. 2683 EDA 2017 |

Appeal from the Order Entered July 13, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  February Term, 2016 No. 4057

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:                    **FILED APRIL 30, 2019**

Marilyn Rigmaiden Deleon challenges the order that granted Appellee, Alyssa Destefano's, motion for summary judgment in this motor vehicle accident case.  We affirm.

As recounted by the trial court:

On February 26, 2016, [Appellant] commenced a personal injury action arising from a car accident that occurred on February 28, 2014.  On April 14, 2016, [Appellant's] process server made an unsuccessful attempt to serve the writ.  Nothing in the record indicates that service was attempted before April 14, 2016.

On October 17, 2016, [Appellant] filed a complaint.  [Appellee], in her answer to the complaint, defended the action on the basis that the statute of limitations had expired before original service of process was made.  On April 10, 2017, [Appellee] filed a motion for judgment on the pleadings.  She argued that [Appellant] failed to toll the statute of limitations by not making a good faith effort to obtain original service of process within 30 days after the filing of the writ.  The [c]ourt denied the motion and, on May 12, 2017, [Appellee] filed a motion for summary judgment making substantially the same argument.  The [c]ourt granted

[Appellee's] motion for summary judgment and [Appellant] timely appealed the [c]ourt's decision to the Superior Court.

Trial Court Opinion, filed 6/5/18, at 1-2 (citations omitted).

Appellant filed a one-count complaint alleging negligence against Appellee. In granting Appellee's motion for summary judgment, the court "dismissed the action because no good faith effort was made to timely serve [Appellee] before the applicable statute of limitations expired." *Id.,* at 1. While Appellant initiated her personal injury action by filing a praecipe for a writ of summons on February 26, 2016, the court concluded, "[a]n attempt to affect [sic] service was made on April 14, 2016 – nearly seven weeks after [Appellant] filed her writ and the [two-year] statute of limitations had expired [on February 28, 2016]." *Id.,* at 3-4.

Moreover, there was nothing in the record to demonstrate "any effort, good faith or otherwise, to affect [sic] service before April 14, 2016," nor was there "any indication that [Appellee] had actual notice of the personal injury action against her." *Id.,* at 4. Accordingly, Appellant "failed to meet her burden to show service was attempted in good faith within 30 days of filing of the writ of summons." *Id.*; *see also **Witherspoon v. City of Phila.**,* 768 A.2d 1079, 1083 (Pa. 2001)(establishing that, at a minimum, a party must evince a good-faith attempt at service of a writ "as a kind of condition subsequent that must be fulfilled to complete the commencement of the action"); Pa.R.C.P. 401(a)(providing that "[o]riginal process shall be served … within thirty days after the issuance of the writ"). Appellant timely appealed

the court's grant of summary judgment, and this matter is now properly before us.

Preliminarily, Appellant's brief violates Pa.R.A.P. 2119(a), which mandates that an "argument shall be divided into as many parts as there are questions to be argued." Although it contains more than one question to be argued, Appellant's brief features only one undivided argument section. However, under these circumstances, this failure does not affect our ability to address Appellant's arguments. We therefore decline to find the issues waived.

Appellant contends the trial court erred in granting summary judgment for two reasons: 1) Appellant asserts she utilized good-faith efforts to serve Appellee, but Appellee's insurance company refused to provide Appellee's address; and 2) the court violated the coordinate jurisdiction rule. *See* Appellant's Brief, at 6. Specifically, as to the latter argument, Appellant asserts that the coordinate jurisdiction rule prohibited the court from revisiting the statute of limitations issue on summary judgment after addressing it in the motion for judgment on the pleadings.

We review challenges to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and

- 3 -

the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Constr. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

Appellant first avers that the court abused its discretion by concluding that Appellant had failed to adduce any evidence to support a finding that she had made a good faith effort to effectuate service of the writ on Appellee within thirty days after the writ's issuance. It is unrefuted that: 1) February 28, 2014, is the date of the car accident alleged in Appellant's complaint; 2) the statute of limitations for Appellant's cause of action, absent any kind of tolling, ran on February 28, 2016, exactly two years after the car accident occurred, *see* 42 Pa.C.S.A. § 5524(2); 3) Appellant filed her praecipe for a writ of summons on February 26, 2016, two days prior to the expiration of the statute of limitations; and 4) on April 14, 2016, without having reinstated the writ, Appellant first attempted service on Appellee.

"A writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*,

- 4 -

366 A.2d 882, 889 (Pa. 1976). "The mere filing of a writ … without additional affirmative action to effectuate timely service of process in compliance with the applicable rules of court and local practice does not constitute good faith efforts … and is insufficient to preserve claims" that run afoul of the statute of limitations. *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004). Furthermore, "it is the plaintiff's burden to demonstrate that his efforts were reasonable." *Id.* "Determining whether a plaintiff acted in good faith is within the sound discretion of the trial court." *McCreesh v. City of Phila.*, 888 A.2d 664, 672 (Pa. 2005).

However, "[w]here the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." *Paden v. Baker Concrete Constr., Inc.*, 658 A.2d 341, 343 (Pa. 1995)(citation omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable … discretion is abused." *Id.* (citation omitted).

Good faith can be demonstrated even in light of technical missteps that violate the Rules of Civil Procedure. *See id.*, at 674. (finding original service of a writ, erroneously attempted via certified mail, an action done in "good faith" as it provided the other party with actual notice of the litigation). Nevertheless, "it is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay . . . . Simple neglect

and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient" for a finding of a lack of good faith. ***Devine***, 863 A.2d at 1168 (alteration in original)(citation omitted).

Other than Appellant's conclusory statements indicating that a good-faith effort was made to effectuate service of the writ, Appellant has pointed to nothing in the record that could support her assertion. Stated differently, there is a dearth of indicia of *any* action taken by Appellant between her filing of a praecipe for a writ of summons on February 26, 2016, and her unsuccessful attempt at service with an expired writ on April 14, 2016, seventeen days after the expiration of the thirty-day period described in Pa.R.C.P. 401(a). Further, there is no indication that Appellee had actual notice of Appellant's filing. We therefore cannot conclude the court erred or abused its discretion in determining that Appellant had not established a good-faith effort to effectuate service.

Appellant's second argument suggests the grant of summary judgment violates the coordinate jurisdiction rule. The coordinate jurisdiction rule stands for the proposition that "[o]rdinarily, a trial judge should not place himself in the position to overrule a decision by another judge of the same court in the same case." ***Salerno v. Phila. Newspapers, Inc.***, 546 A.2d 1168, 1170 (Pa. Super. 1988). Appellant relies on ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995), and ***Baker v. Morjon, Inc.***, 574 A.2d 676, 677 (Pa. Super. 1990).

"Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." ***Goldey v. Trustees of the Univ. of Pa.***, 675 A.2d 264, 267 (Pa. 1996). Conversely, the ***Goldey*** decision establishes that "a later motion should not be entertained or granted when a motion *of the same kind* has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question." ***Id.*** (emphasis in original). Here, common legal questions permeated both Appellee's motion for judgment on the pleadings and motion for summary judgment. However, the court was presented with Appellant's failure to produce any evidence of record to establish good-faith efforts. Conversely, when addressing the motion for judgment on the pleadings, the court was only able to review the pleadings of the parties. This distinction is sufficient to establish that the motions were of a different kind. The trial court did not violate the coordinate jurisdiction rule.

Accordingly, as we discern no error in the trial court's conclusions and find no fault with the trial court's disparate treatment of Appellee's motion for judgment on the pleadings and motion for summary judgment, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19